CHARLES H. LIPSCOMB, PLAINTIFF IN ERROR, V. CLARA A. LYON, DEFENDANT IN ERROR.

1. **Husband and Wife.** In a case involving transactions between husband and wife in relation to her separate estate, inherited from her father, the same principles of law apply as are applicable to dealings between strangers; but where the effect of such dealings is to deprive creditors of their opportunity to subject the property of the husband to the payment of their claims, the facts involved in such transactions will be viewed with suspicion, and proof of their *bona fides* required.

2. **Instructions** considered, and *Held*, Properly given and refused.

3. **Witnesses.** A witness who has taken memoranda of facts, at or about the time of their occurrence, and who knows that such memoranda is correct, may hold such memoranda in his hand and testify to the facts, as facts, although he at the time admits that, even with the aid of the memoranda, he does not remember the occurrence of the facts.

4. **Evidence:** REPORTER'S NOTES. The report of the short-hand reporter of a district court of the testimony of a witness examined in such court is not admissible as evidence in a future action between the same parties, as documentary or independent evidence.

ERROR to the district court for Jefferson county. Tried below before MORRIS, J.

*C. B. Letton* and *W. O. Hambel,* for plaintiff in error, cited: *Wake v. Griffin,* 9 Neb., 47. *City Bank v. Hamil-*

*ton*, 34 N. J. Eq., 162. *Besson v. Eveland*, 26 Id., 471. *Babcock v. Eckler*, 24 N. Y., 623. *Halsey v. Sinsebaugh*, 15 N. Y., 485. *State v. Hannett*, 54 Vt., 83. *Hendershott v. Henry*, 19 N. W. R., 665.

*B. S. Baker* and *W. H. Snell*, for defendant in error, cited: *Hill v. Bowman*, 35 Mich., 191. *Miller v. Kirby*, 74 Ill., 242. Bump. Fraud Con., §§ 44,183. *Montieth v. Bax*, 4 Neb., 170. 1 Greenleaf Evidence, §§ 436, 437. Id., §§ 90, 227. *People v. Elyea*, 14 Cal., 145.

COBB, J.

This was an action of replevin brought in the court below by Clara A. Lyon, plaintiff, against Charles H. Lipscomb, defendant, for the possession of a certain stock of saddlery, harness, etc., of the alleged value of $600, which, as she alleged in her petition, the said defendant had, in his capacity of sheriff of Jefferson county, seized and carried away by virtue of certain writs of attachment against the property of W. A. Lyon. The defendant answered, admitting that he was sheriff of said county ; that he had taken said goods by virtue of certain writs of attachment in his hands against the property of W. A. Lyon; " and further alleging that the only right and title of the said Clara A. Lyon claimed by her in or to said property arose by virtue of a pretended contract of sale entered into on or about September 5th, 1883, by W. A. Lyon and said Clara A. Lyon, his wife; that at the time said pretended sale was made, said W. A. Lyon was wholly insolvent, of which fact said Clara A. Lyon had full notice and knowledge; that no consideration was paid by her on said pretended sale of said goods; that said pretended sale was made and entered into by said W. A. Lyon and Clara A. Lyon with the intent and sole purpose of hindering and delaying the creditors of said W. A. Lyon;

and that the same was not a *bona fide* sale of said property; that she well knew at the time said pretended sale was made that the same was for the purpose aforesaid; that no change of possession of said goods ever took place; and that at the time said Lipscomb, as such sheriff, levied upon said goods and chattels, they were the property, and in the possession of said W. A. Lyon," etc. There was a reply in and by which the plaintiff denied all of the material allegations of new matter set up in the said answer.

There was a trial to a jury with a verdict and judgment for the plaintiff. The defendant brings the cause to this court on error, and assigns the following errors:

"1st. The verdict is not sustained by sufficient evidence.

"2d. The verdict is contrary to law.

"3d. The verdict is contrary to the fourth, fifth, and sixth instructions of the court.

"4th. The court erred in refusing to give the second and sixth instructions asked by plaintiff in error.

"5th. The court erred in giving the first, second, and third instructions asked by defendant in error and excepted to by this plaintiff.

"6th. The court erred in excluding a certified copy by court reporter of questions numbered from 1 to 10, inclusive, and answers thereto of the evidence of Clara A. Lyon given on a former trial of this cause in which she testified that at the commencement of this action she was not the owner of the property in controversy.

"7th. That the verdict is contrary to the evidence, and given through prejudice or sympathy.

"8th. The court erred in allowing defendant in error to read in evidence those parts of the deposition of A. I. Lyon objected to by this plaintiff.

"9th. There was error of law occurring at the trial excepted to by plaintiff in error.

"10th. The court erred in excluding evidence offered by plaintiff in error."

33

These assignments will be examined in convenient groups rather than in detail.

Grouping the 1st, 2d, and 3d assignments together, I here copy the 4th, 5th, and 6th instructions given by the court on its own motion, the same being the basis of the 3d assignment: .

"*Fourth.* The statute provides that 'every sale made by a vendor of goods and chattels in his possession, or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the persons claiming under such sale or assignment, that the same was made in good faith, and without any intent to defraud such creditors or purchasers.'

"*Fifth.* The court instructs the jury as a matter of law, that any sale or conveyance of personal property to be valid as against the creditors of the seller, must be accompanied and followed by a change in the possession of such property, from the seller to the purchaser, so far as the situation of parties and the character of the property will reasonably admit of a change of possession.

"*Sixth.* Transactions between husband and wife in relation to the transfer or sale of property from one to the other, by reason of which creditors are prevented from collecting their just dues, should be scrutinized very closely, and the *bona fides* of such transactions should be established beyond question."

There was evidence tending to prove that the plaintiff intermarried with Worthy A. Lyon in the state of Illi-

nois in 1879; that at that time the said Worthy A. Lyon
was entirely destitute of capital or means; that in the
month of February, 1880, the said Worthy A. Lyon, be-
ing engaged working for his father, and being desirous of
engaging in business for himself, and his wife having about
that time received from her guardians a sum of money,
he loaned of her the sum of twenty-four hundred dollars,
with the agreement that he was to go out West and look
up a place of business, and repay her in property as soon
as he could make it out of his business; that this money
was advanced to the said Worthy A. Lyon only as a loan,
and not as his money or as a gift; that no part of said
money had ever been paid to the plaintiff until on or about
the 3d day of September, 1883, when the said Worthy A.
Lyon conveyed to her the stock of goods in question to
apply on said loan of money at the sum of $800, and the
house and lot in which they lived and he did business, at
the sum of $1,000. This was done before the levy of the
attachments by the defendant. The evidence of the imme-
diate delivery of the goods by Worthy A. Lyon to the
plaintiff, and of the sale being followed by an actual and
continued change of possession of the goods is not shown
in the abstract sufficiently to dispense with proof of good
faith on the part of the plaintiff; but this, I think, she
has sufficiently supplied. Whatever may formerly have
been the case, under the present state of our statutes and
decisions there is no legal reason why a wife may not be-
come the creditor of her husband, nor being such, why
she may not be preferred by him over other creditors. It
is true that courts will look with scrutiny, if not with sus-
picion, upon all sales or transfers of property of a debtor
in failing circumstances to members of his own family;
but, if upon such examination they are found to be honest
and based upon sufficient consideration, they will be up-
held. I therefore think that the verdict is sustained by
sufficient evidence, and that it follows the instructions
above quoted.

The following are the second and sixth instructions prayed by plaintiff in error, the alleged refusal to give which constitutes the fourth assignment of error:

"*Second.* The jury are instructed that every sale of property made by the parties with the intent to hinder, delay, or defraud creditors in the collection of debts is fraudulent and void as to such creditors, even though made for a valuable consideration.

"*Sixth.* If you find from the evidence that Clara A. Lyon permitted her husband to use her money in his business for a long period of time, without any evidence of indebtedness having passed between the parties, she is not such a creditor of his that she may be preferred to other creditors in the distribution or appropriation of his property, and any such appropriation, whether by sale or otherwise, whereby other creditors are hindered, delayed, or defrauded in the collection of their just claims, is fraudulent and void as against such creditors." Sixth refused. Plaintiff excepts.

According to the abstract the first of the above instructions, to-wit, the one marked *Second,* was given; it will, therefore, not be further considered. The sixth instruction, which was refused, and such refusal duly excepted to by plaintiff in error, was, as I think, properly refused. It seeks to recognize a difference, both in law and in fact, between *bona fide* debts owing by a husband to his wife and those owing to other creditors. We have seen that there is no difference in law, yet that, owing to the facilities as well as the temptations afforded and stimulated by the family relation for fraudulent concealments and transfers of property in cases of business disaster, the law has laid the duty upon courts and juries to examine with jealous care and scrutiny into the facts of a case where it is suggested that the family relation has been used as the channel and cover for fraudulent transfers of property, either by means of pretended debts from one member of

the family to another, or otherwise;. but when the facts have been scrutinized and found, the same principles of law apply to dealings between husband. and wife as to those between strangers.

The following are the first, second, and third instructions given by the court at the request of the plaintiff in the court below, upon which the fifth assignment of error is based:

"*First.* A husband indebted to his wife may prefer her to his other creditors, and make a valid appropriation of his property to pay her claim, even though he is thereby deprived of the means to pay other debts.

"*Second.* If you find W. A. Lyon was indebted to plaintiff, she had a right to take as payment on her claim against W. A. Lyon the goods in question, if done in good faith, though others are thereby deprived of all means of obtaining satisfaction for their equally meritorious claims.

"*Third.* You are further instructed that if you find that W. A. Lyon sold the goods replevied to plaintiff, although the sale may have had the effect to hinder and delay his creditors in the collection of their debts, this fact alone will not render the sale fraudulent or void; a debtor, however insolvent, may lawfully sell his property, if it is done with a *bona fide* intention of applying the proceeds in the discharge of any legal liability."

These instructions announce the same general principles that we have been discussing, and what we have said need not be repeated.

As applicable as well to the fifth as to the fourth assignment of error, I have carefully read the Nebraska cases cited by counsel for plaintiff in error, and find that neither of them sustain the proposition to which they are cited, as applicable to the case at bar. In the case of *Aultman v. Obermeyer*, 6 Neb., 260, the most that was claimed on the part of the wife, beside that she had received a deed for the land from her husband, was that it had been purchased by him with

money, a part of which was received for lands in Wisconsin belonging to her, and a part for lands also in Wisconsin belonging to himself, and which money he had used and deposited as his own, without any promise on his part to account to her for that part which was derived from her property, and there was no evidence to show, so far as can be gathered from the report, what part or proportion of the money paid for the land was derived from the sale of the wife's property. The court, in the opinion, say: "But, in our opinion, the proof fails to establish the fact that the money with which this land was purchased was derived from the sale of lands belonging to the wife." In the case of *Wake v. Griffin*, 9 Neb., 47, the court decided—I quote from the syllabus: "In an alleged sale of goods by the husband to his wife, the only consideration was a *pretended loan of money* by the wife to him some five or six years before, which he had ever since used in his business and treated as his own. *There was no evidence of any agreement or understanding at the time he took the money, nor any recognition by him at any time that he was to repay it;* Held, That the wife had no legal claim against her husband for the money, nor would she be permitted, through a voluntary sale, nominally in repayment of that money, to appropriate his property to the exclusion of the claims of *bona fide* creditors." I have italicized parts of the above quotation as a method of pointing out the essential difference between that case and the one at bar. The other two cases cited are cases where the wife claimed certain lands as having been purchased with her money, although the titles were taken in the name of the husband, and the turning point in each of said cases was that the wife had suffered the title to the lands to remain in the husband for a length of time and under a state of circumstances that estopped her to deny his title. In my opinion, the law of neither of the cases cited is against the defendant in error in the case at bar.

The sixth error assigned is, that " the court erred in ex-
cluding a certified copy by court reporter of questions from
one to ten inclusive, and answers thereto, of the evidence
of Clara A. Lyon, given on a former trial of this cause,
in which she testified that at the commencement of this
action she was not the owner of the property in contro-
versy." I do not think that this point is presented in the
record in a manner to be available to the plaintiff in error.
The following is so much of the abstract as purports to
present this point:

" S. ·A. Searle (page 58) testified as follows: 'I am the
court reporter of the 5th Judicial District of Nebraska; I
was present on the former trial of this case, at the last term
of this court; I heard the evidence on that trial, and made
a short-hand report of the same as such court reporter;
my record of the evidence included the evidence of Clara
A. Lyon.'

" The witness was then asked the following questions,
with the objections thereto and the rulings thereon, to-wit:

" Q.  Mr. Searle, you may state whether the questions
and answers as reported in ᵗthat document (indicating a
certified transcript of Clara A. Lyon's evidence) was a
part of the testimony on that trial?

" The defendant in error objected to the question for the
reason that they were not the questions and answers that
were asked for impeachment purposes, which objection was
sustained by the court, and plaintiff in error excepted to
the ruling of the court.

" Q.  You may state whether Mrs. Clara A. Lyon, the
plaintiff, on the trial of this action at the last term of this
court, in answer to the question asked her by Mr. Baker,
whether at the time this suit in replevin was commenced
she was the owner of this property, this stock of goods, at
the time she commenced the replevin, she answered, ' No,
sir.'

" Direction by the court: 'Speak from your own mem-
ory.'

" A. (Page 59.) I cannot give a *verbatim* report from my memory independent from the notes, and there is not a reporter in the world that can. I can testify that I know that report and the record of what she testified to to be correct, and that she made the statements therein contained (including a record of the testimony).

" Plaintiff in error presents the reporter's certified statement and record (referred to and identified by the witness Searle) of the evidence of Clara A. Lyon, given on the former trial of this case at the last term of this court, which said statement and record had the following heading, to-wit:    (Page —)

" In district court of fifth judicial district, held within and for the county of Jefferson and state of Nebraska.

" Abstract of evidence of Clara A. Lyon offered and received in evidence on the trial at September term of said court for the year 1884, to-wit: September 24th, 1884, in the case of Clara A. Lyon vs. C. H. Lipscomb.

" Among other questions and answers contained in said abstract of testimony was the following question, propounded by Mr. Baker, with the answer thereto, to-wit:

" Q. 1. At the time this suit in replevin was commenced were you the owner of this property, of this stock of goods, at the time you commenced the replevin?

" A. No, sir.

" Plaintiff in error offered in evidence that part of said certified record of said testimony containing said question and the answer thereto, to the introduction of which the defendant in error objected for the reason that it is incompetent, which objection was sustained by the court, and the plaintiff's in error exception noted to the ruling of the court.

" Plaintiff in error then offered in evidence the questions numbered from 2 to 10, inclusive, and the answers thereto, to the introduction of which the defendant in error objected for the reason that the same were incompetent,

which objection was sustained by the court, and plaintiff's in error exception noted to the ruling.

"Said abstract and record of evidence had attached thereto the certificate of the reporter as follows, to-wit:

"State of Nebraska, Fifth Judicial District, ss. I here certify that the above and foregoing is a true and correct statement, record, and transcript of the testimony of Clara A. Lyon, and that it contains all the testimony of said witness given by her to the court and jury on the trial of said cause, wherein said Clara A. Lyon was plaintiff and C. H. Lipscomb was defendant, trial whereof was had at the September term of said district court, held within and for the county of Jefferson, state of Nebraska, for the year A.D. 1884, to-wit: On the 24th day of September, 1884.

"In witness whereof I have hereunto set my hand in said district, this 14th day of April, 1885.

"(Signed)                        S. A. SEARLE,
                        "Ct. Rept'r, 5th Dist."

It is not stated in the abstract with sufficient clearness whether the plaintiff in error offered the witness Searle to testify to facts by the aid of his notes, taken by him as reporter of the court, as memoranda to refresh his memory or merely to authenticate the notes certified by him, and then offered the notes as documentary evidence. If the former, the evidence ought to have been received, although the witness admitted that even with the aid of the memoranda he did not remember the facts, yet that he knew that he took the testimony down correctly at the time. If the latter, it was correctly excluded. Memoranda taken down by a witness at or about the time of the occurrence of the events to which they refer may be used as an aid to the memory of the witness, but not as a substitute for such memory. Such is the substance of the rule as laid down in the New York cases cited by counsel for plaintiff in error. My understanding of this rule is,

that a witness who has taken memoranda of an occurrence at or about the time of its taking place, for instance, taken down the testimony of a witness in a lawsuit, and who knows that such memoranda is correct, may hold such memoranda in his hand and testify to the facts as facts, although at the same time he admits that even with the aid of the memoranda he does not remember the occurrence of the facts. But that with no amount of testifying or certifying to the correctness of the notes or memoranda can the paper be introduced to show and stand for itself as independent or documentary evidence.

Under repeated decisions of this court, in order for the plaintiff in error to avail himself of the error of the court in rejecting the evidence of the witness S. A. Searle he must have made an offer of the testimony, clearly indicating what he expected to prove by the witness in response to the question or questions propounded to him and ruled out by the court. In this connection it will be observed that the plaintiff in error does not assign as error the rejection of the testimony of the witness Searle.

It may be admitted to be the law—it undoubtedly is in New York—that where a witness has been examined at a hearing before a coroner or committing magistrate his testimony taken down in writing, read by or to him, and subscribed by him as correct, and the witness is again sworn upon the trial of the cause in the trial court, his testimony on the examination may be read to contradict his testimony on the trial, and that without laying a foundation for impeachment. There is a wide difference, however, between the case above supposed, and where the reporter's notes of the testimony has never been even translated from the reporter's private cipher, much less read to, approved, and signed by the witness.

The 8th assignment of error, and the last which I deem it necessary to mention, is, that "the court erred in allowing defendant in error to read in evidence those

parts of the deposition of A. I. Lyons objected to by this plaintiff."

I have examined the abstract in vain for the ground of this assignment. The testimony of A. I. Lyons is there quoted quite briefly, but not a word about an objection to the reading of any part of his deposition or of any ruling thereon.

I do not find any reversible error in the abstract of the record presented, and so the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.