WILLIAM HILL, PLAINTIFF IN ERROR, v. CLARA A. WILKINSON, DEFENDANT IN ERROR.

1. **Justice of Peace:** REPLEVIN: JUDGMENT. In an action of replevin before a justice of the peace, the property was seized by the constable and appraised at less than $200, but the plaintiff failing to give a replevin undertaking within the time provided by law, the property was returned to the defendant. The action proceeded "as one for damages only" to trial, to the justice, without a jury, who found the value of plaintiff's interest in the property to be $260, and upon plaintiff remitting sixty dollars from her damages, judgment was rendered in her favor for $200. On error the said judgment was affirmed by the district court, which latter judgment is approved.

2. ———: BILL OF PARTICULARS. Section 951 of the code of civil procedure, which requires the filing of a bill of particulars on the part of the plaintiff in all cases before a justice of the peace, *Held,* Not applicable to an action of replevin.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Capps & McCreary,* for plaintiff in error, cited: Code, Sec. 951. Wells' Jurisdiction, Sec. 68. *Henckel v. Wheeler,*

51 Wis., 363. *Nimmick v. Mathieson*, 32 Wis., 324. *Barker v. Baxter*, 1 Pinney, Wis., 407. *Brondberg v. Babbott*, 14 Neb., 517.

*Tanner & McKinney*, for defendant in error, cited: Code, Secs. 1034, 1035, 1037, 1038, 1039.

Совв, J.

Clara A. Wilkinson brought an action in replevin in a justice's court against William Hill, for the possession of a span of horses, of which she claimed to be entitled to the immediate possession. The officer seized the horses by virtue of the writ, and held them for the time required by law, when the plaintiff having failed to give the replevin undertaking, as provided by statute, he returned and re-delivered them to Hill. The action proceeded in the justice's court as one for damages only.

At the commencement of the trial, as appears by the transcript of the justice, the court requested the plaintiff's attorney to file a bill of particulars, which, continues the transcript, however, was not done. It appears that the defendant answered, denying the facts stated in the plaintiff's affidavit for replevin. Upon the trial the justice found for the plaintiff, found also the value of the property at three hundred dollars, and the value of the plaintiff's interest therein at two hundred and sixty dollars. The plaintiff thereupon asked the court to enter a remittitur thereof in the sum of sixty dollars, which was accordingly done, and thereupon the justice rendered judgment for the plaintiff in the sum of two hundred dollars. The cause was thereupon taken to the district court on error, by the defendant.

The district court overruled the errors assigned by the defendant, and rendered judgment of affirmance in favor of the plaintiff. The defendant thereupon brings the

·cause to this court on error, and assigns the following errors:

I. The court erred in rendering judgment against the plaintiff in error for $200 and $30.88 costs, for the reason that said court had no jurisdiction to render judgment for any amount against the plaintiff in error in said suit, the same being upon petition in error from a judgment of a justice of the peace, before whom the defendant in error sued the plaintiff in error for the value of the property as ·claimed and proven, and found by said justice of the peace, ·exceeding the sum of $200.

II. Said court erred in rendering judgment against the plaintiff in error, and in not rendering judgment against the defendant in error for costs.

III. The court erred in not dismissing said suit for want of jurisdiction over the subject-matter of the suit.

The case turns upon the question of the jurisdiction of the justice of the peace. The justice had jurisdiction to issue the writ. The value of the property to be replevied need not be set out, nor is it usually in the affidavit for replevin. The statute contemplates that such writ may issue from a justice of the peace for property of greater value than two hundred dollars, hence the provision as contained in section 1039 of the code, that, "Whenever the appraised value of the property so taken shall exceed two hundred dollars the justice shall certify the proceeding upon the said writ to the district court of his county," etc. So that, in a certain sense, it is the appraisement of the property at a sum not in excess of two hundred dollars that gives the justice jurisdiction to try the cause; or more correctly speaking, the justice having jurisdiction of the cause, derived from the making and filing of the affidavit, will be divested of jurisdiction to try the cause by an appraisement of the property at a sum in excess of two hundred dollars ; but in that case will retain jurisdiction to certify the proceedings to the district court.

In the case at bar the value of the property was ascertained in the manner prescribed by the statute to be less than two hundred dollars. The justice, therefore, retained jurisdiction to try the case. And the property having been returned to the defendant in replevin under a contingency anticipated and provided for by law, the action proceeded "as one for damages only," and the court having ascertained the plaintiff's damages at a sum in excess of that for which the justice had jurisdiction to render judgment, the plaintiff was permitted to remit such excess.

While I know of no provision of statute expressly applicable to a case of this kind, I think the justice had the right to allow this remission on the part of the plaintiff, and that upon such allowance he had the jurisdiction to render judgment for the damages not remitted, and this action being favorable to the defendant, I do not think that he can complain.

Section 951 of the code requires that, "In all cases before a justice, the plaintiff, his agent, or attorney, shall file with the justice a bill of particulars of his demand." This is a general provision, and certainly applies to all actions for the enforcement of contracts or obligations for the payment of money, but is neither necessary nor applicable to proceedings in replevin. There the affidavit in replevin takes the place of a bill of particulars. It indicates the claim of the plaintiff against the defendant, and the property involved as well as the facts which the plaintiff will be required to prove to be entitled to a judgment, and which would neither be enlarged nor restricted by a bill of particulars. In the case at bar an issue was fairly presented by the affidavit on the part of the plaintiff, and an answer thereto on the part of the defendant. There is no complaint of the fairness of the trial, nor that the finding of the justice is not supported by the evidence.

I therefore conclude that the judgment of the district court overruling the exceptions of the plaintiff in error is right, and it is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.