WILLIAM BELCHER v. JOHN M. SKINNER.

[FILED NOVEMBER 26, 1889.]

1. **Continuance:** WANT OF MATERIAL EVIDENCE. Under the provisions of section 960 of the Code a party desiring a continuance of a cause for a period not exceeding thirty days is entitled to such continuance if he " prove by his own oath or other-

wise that he cannot, for want of material evidence which he expects to procure, safely proceed to trial."

2. ————: AFFIDAVIT. The oath, if in the form of an affidavit, may be substantially in the words of the statute, and it is unnecessary to state the purport of the testimony which the moving party supposes he can procure.

ERROR to the district court for Loup county. Tried below before HARRISON, J.

*A. S. Moon*, for plaintiff in error:

Mere statements under oath, or conclusions of a party, are not proof. (2 Bouvier, Law Dict. [15th Ed.], 748; Greenleaf, Ev. [14th Ed.], 1; *Jameson v. Butler*, 1 Neb., 118; *State, ex rel. Barnes, v. Thatch*, 5 Id., 96; *Ingalls v. Nobles*, 14 Id., 274.) The granting of a continuance is discretionary with the trial court. (*Holt v. State*, 11 Ohio St., 691, and cases *supra*.)

No appearance *contra.*

MAXWELL, J.

This action was brought by the plaintiff in the county court of Loup county, in March, 1889, and summons duly issued and served on the defendant. On the return day of the summons the defendant appeared and filed a motion for a continuance for thirty days, supported by an affidavit, as follows:

"STATE OF NEBRASKA, }
  LOUP COUNTY.       }

"I, John M. Skinner, of lawful age, being first duly sworn, depose and say, that Charles Walker is a material witness for him in the above cause, without whose testimony, which he expects to procure, he cannot safely proceed to trial; that the said Charles Walker, as affiant has just been informed, is at present a resident of the city of Lincoln, Nebraska, and the time required to reach him by mail is

about five days; that affiant expects to procure the deposition of said Charles Walker within thirty days from this time. This application for an adjournment is not made for delay, but to obtain justice.    J. M. SKINNER."

The plaintiff thereupon filed a motion to require the defendant, by his own oath or otherwise, to prove the materiality of the testimony of the absent witness. The motion was sustained, and as the defendant failed to prove the materiality of such evidence, the motion for a continuance was overruled, and, the defendant not appearing further in the case, judgment was rendered by default. The case was taken on error to the district court, where the judgment of the justice was reversed and the cause set down for trial. From this judgment of the district court the cause is brought into this court by petition in error.

Sec. 960 of the Code provides that: "The trial may be adjourned upon the application of either party, without the consent of the other, for a period not exceeding thirty days, as follows: The party asking the adjournment must, if required by his adversary, prove by his own oath, or otherwise, that he cannot, for want of material testimony which he expects to procure, safely proceed to trial."

This action, although brought in the county court, came within the jurisdiction of a justice of the peace and is governed by the provisions of the Code relating to justices. Under the provisions of section 960, where either party desires a continuance for a period not exceeding thirty days, he may obtain the same by complying with the terms of the statute, viz., "prove by his own oath, or otherwise, that he cannot, for want of material testimony which he expects to procure, safely proceed to trial." He need not state the nature of the testimony which he expects to procure. All that the law requires is that he shall believe it to be material in the prosecution or defense of the case. The statute seems to regard thirty days as not an unreasonable time to prepare for trial, and therefore each party

shall have not to exceed that time to prepare for that event. If, however, a further adjournment exceeding thirty days is desired, the party asking the adjournment for want of material evidence must describe it and show that the delay has not been made necessary by any act or negligence on his part since the action was commenced, and that he expects to procure the evidence at the time stated by him, thus clearly showing that such statements were not required in the first instance.

The judgment of the district court is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.