LEE COOMBS v. E. BRENKLANDER.

[FILED MAY 13, 1890.]

1. **Continuance:** AFFIDAVIT: SUFFICIENCY. An affidavit for a continuance for a period not exceeding thirty days, of a cause pending in a county court, which was cognizable before a justice of the peace, is sufficient if it states "that the party cannot, for the want of material testimony which he expects to procure, safely proceed to trial." (Code, sec. 960.)

2. ———: COSTS. The awarding of costs on the granting of a continuance is discretionary with the trial court.

3. **Replevin:** REAPPRAISEMENT. There is no authority for reappraisement of property taken in replevin.

4. **A bill of particulars** is not necessary in an act of replevin commenced in the county court where the value of the property is within the jurisdiction of a justice of the peace. If one is filed in such a case, which is defective, it is not sufficient grounds for rendering judgment for the defendant.

ERROR to the district court for Cherry county. Tried below before KINKAID, J.

*J. Wesley Tucker* (*J. C. Johnston*, of counsel), for plaintiff in error, cited: *B. & M. R. Co. v. Crockett*, 19 Neb.,

138; *Wilson v. Fuller,* 9 Kan., 177; *Yandle v. Crane,* 13 Id., 347; *Hoisington v. Armstrong,* 22 Id., 110; *Morrison v. Lewis,* 17 Jones & Sp. [N. Y.], 178; *Haggard v. Wallen,* 6 Neb., 272; *Carlson v. Small,* 21 N. W. Rep. [Minn.], 480; *Everett v. Buchanan,* 6 N. W. Rep. [Dak.], 439.

NORVAL, J.

An action was commenced in the county court of Cherry county by Lee Coombs, to recover the possession of an Indian pony. Trial to a jury, with verdict for the plaintiff. The defendant prosecuted error to the district court, where the judgment of the county court was reversed and the cause was retained for trial. Coombs brings the case here on error. The petition in error filed in the district court assigns the following errors:

"1. The court erred in overruling motion for immediate trial, filed by defendant on the 14th day of March, 1887.

"2. Court erred in overruling defendant's motion in regard to the taxation of costs.

"3. Court erred in overruling defendant's motion for a reappraisement of the property.

"4. Court erred in overruling motion for judgment upon the pleadings.

"5. Court erred in excluding the evidence of the defendant."

On March 14, 1887, the day set for the trial in the county court, the plaintiff therein filed an affidavit for the continuance of the cause for three days. The defendant thereupon filed a motion for immediate trial, stating the following reasons:

"First—The plaintiff's affidavit for adjournment does not state who the absent witness is, nor his whereabouts.

"Second—It does not show what said absent witness will swear to, or what he believes he will swear to.

"Third—It does not show an effort upon the part of the plaintiff to procure the witness.

"Fourth—It does not state that there is any probability of procuring the witness."

This motion was overruled and the cause was adjourned for three days.

The affidavit of the plaintiff filed in support of his application for adjournment states "that the plaintiff cannot, for the want of material testimony which he expects to procure, safely proceed to trial at the present time, and asks that the trial of the cause be adjourned to the 17th of March, 1887." This affidavit is in the exact language of section 960 of the Code, regulating adjournments before a justice for a period not exceeding thirty days. When a continuance is asked for thirty days or less it is not necessary to state in the affidavit therefor the name of the absent witness, his whereabouts, what he will testify to, nor the efforts that have been made to procure his attendance. Where the continuance is desired for a longer time than thirty days, under section 961 it is necessary that the affidavit should describe the absent testimony, and make it appear that the delay is not made necessary by any act or negligence of the party applying for the adjournment, and that he expects to procure the evidence by the time stated. Considering the sections together it cannot be doubted that it is not necessary, where the adjournment is desired for a period not exceeding thirty days, that the affidavit should describe the desired testimony. If the affidavit is in the language of section 960 it is sufficient. (*Belcher v. Skinner,* 28 Neb., 91.) The above sections govern county courts in the continuance of all actions cognizable before justices of the peace. The county court therefore did not err in postponing the trial for three days.

The defendant at the time requested that all costs accrued in the case, including $10 paid by him to procure the attendance of his witnesses, be taxed to the plaintiff. This request was denied. The awarding of costs on granting of a continuance is within the discretion of the court.

There does not appear to have been any abuse of such discretion.

The defendant's motion for a reappraisement of the property was rightly overruled. We are not aware of any provision of the statute authorizing the reappraisement of property taken in replevin.

The fourth assignment of error is based upon the refusal of the county court to render judgment in favor of the defendant upon the pleadings. The defendant claims that the bill of particulars does not state facts sufficient to constitute a cause of action, and that the new matter stated in the defendant's answer is not controvertible by the reply. The foundation of an action in replevin before a justice of the peace, or the county court, where the value of the property is within the jurisdiction of a justice court, is a proper affidavit. No bill of particulars is necessary. (*Hill v. Wilkinson*, 25 Neb., 103.) Therefore, if the bill of particulars was defective, that would not be sufficient ground for entering a judgment for the defendant. No complaint was made as to the sufficiency of the replevin affidavit. The only criticism that could be made upon the bill of particulars is that the facts constituting the plaintiff's special ownership of the property were not fully stated. But taken in connection with the allegations of the answer, it was sufficient. The allegations of the answer were fully denied by the reply.

When the defendant was a witness in his own behalf, numerous questions were propounded to him by his counsel, and the plaintiff's objections thereto were sustained. These rulings cannot be reviewed for the reason that the defendant at the time made no tender of testimony indicating what he could prove by the witness. (*Lipscomb v. Lyon*, 19 Neb., 522; *Mathews v. State*, 19 Id., 338; *Masters v. Marsh*, 19 Id. 462; *Yates v. Kinney*, 25 Id., 120.)

There is no reversible error in the record made by the county court, and the district court erred in reversing the

judgment. The judgment of the district court is therefore reversed and that of the county court affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.