ARNOLD BRECHER V. JULIUS TREITSCHKE.

[FILED JANUARY 5, 1892.]

**Review.** The verdict is warranted by the evidence, and no error appearing in the record that could materially affect the merits of the case, the judgment is affirmed.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Charles Ogden,* for plaintiff in error.

*Smith & Powell, contra.*

NORVAL, J.

The defendant in error was plaintiff in the court below. The petition contains two counts. The first alleges, in effect, that on the 13th day of March, 1884, plaintiff gave the defendant $1,000 for the purpose of applying the same to the compromise of three certain claims against plaintiff held by foreign creditors; that defendant was unable to effect a settlement of said claims, and on March 20, 1884, paid back to plaintiff the sum of $615.60, but has neglected and refused to pay the balance, $384,40, although requested so to do.

The second avers, in substance, that the defendant promised to pay the costs in a certain suit entitled Frieberg & Workum v. Treitschke, in the sum of $432.18, and that defendant has paid $295.05, leaving unpaid a balance of $137.13, which plaintiff was compelled to and did pay.

The prayer is for judgment in the sum of $384.40 with interest from March 20, 1884, and $137.13 with interest thereon from March 25, 1884, and costs.

For answer to the first cause of action the defendant denies each allegation therein except that he was employed

by the plaintiff and that he paid the plaintiff the sum alleged.

In answer to the second cause of action defendant admits that he paid the plaintiff the sum of $295.05 and denies all other averments.

The jury returned a verdict for the plaintiff for $384.40, with interest. $134.32.

The first ground assigned for reversal is that the testimony was insufficient to support the verdict. It is undisputed that the defendant in error failed in business in the fall of 1883, or spring of 1884; that on the 13th day of March, 1884, he gave to the plaintiff in error $1,000, to be applied in settlement of the claims of A. Guinther, Shields & Son and Monk & Son, creditors of Mr. Treitschke. Brecher having failed to obtain a settlement of these claims, on March 20, 1884, he returned to defendant in error $615.60, but he still retains the sum of $384.40 of the amount which he had received. This sum, with interest thereon for five years at seven per cent, was found for the plaintiff below by the verdict of the jury, so that he was allowed nothing on his second cause of action.

It is contended by plaintiff in error that he is entitled to a credit against the amount he retained of the money of the defendant in error, for certain goods which he turned over to Treitschke, which it is admitted by both parties amounted to $295.05. Whether he should receive such credit is the principal controversy in the case. If he should not, it is admitted that the verdict is for the right amount.

It appears that at the time Treitschke was financially involved, Frieberg & Workum, of Cincinnati, Ohio, commenced attachment proceedings against him to recover the amount of his indebtedness to the firm, which was in the neighborhood of $2,300. Brecher came to Omaha after the attachment was levied, to see Treitschke for the purpose of effecting a settlement of the case. After some

negotiations a settlement was made, and Frieberg & Workum received the amount of their claim in full. A judgment for costs, to the amount of $432.18, had been rendered in the attachment case against Mr. Treischke, which he was compelled to pay. The testimony of the plaintiff below was to the effect that Mr. Brecher promised, at the time of the settlement for Frieburg & Workum, that they would pay these costs, but that they now repudiated the agreement; that subsequently Brecher turned over to Treitschke certain goods to the amount of $295.05, with the agreement that they should be applied on the costs, and that they were so applied.

Mr. Brecher, in his testimony, denies ever having agreed to pay the costs or that the goods should be thus applied, but that he delivered the goods over to Treitschke, who subsequently refused to pay him therefor. From the evidence we are satisfied that there were promises made by Brecher in reference to Frieberg & Workum paying the costs, and it further appears that whatever was said by Brecher upon that subject was in the capacity of agent for said firm, which fact was at the time known to Treitschke, and that Mr. Brecher did not individually assume the payment of the costs, nor was he personally liable therefor.

It is clear that Frieberg & Workum refused to pay them, of which fact Brecher was apprised. If the latter subsequently agreed with Mr. Treitschke that the goods should be applied on the costs, and in pursuance of such agreement such application was made, then Brecher would be bound by the arrangement, although he was not personally liable for the costs, and he would not be entitled afterwards to a credit for the goods against the $384.40 he retained of Treitschke's money. Upon the point whether Mr. Brecher ever authorized the application of the value of the goods upon the costs, the testimony is conflicting and irreconcilable. That which the plaintiff below testifies was said and done, the defendant denies. The jury who

heard the cause saw the parties in the giving of their testimony, and had superior means to ourselves of judging of their testimony, and their finding upon the conflicting testimony, not being manifestly against the weight of the evidence, will not be disturbed. The objection that the verdict is not sustained by the evidence must be overruled.

There was no prejudicial error on the part of the court in permitting the plaintiff below to prove that he had paid the claim of Frieberg & Workum, although the testimony was not upon a matter material to the case. It could not have had the effect to mislead or confuse the jury, for by the instructions of the court they were limited in their investigation to the question whether there was any agreement between the parties that the goods turned over to Mr. Treitschke should be applied on the costs in the attachment case.

It is finally suggested by counsel for plaintiff in error that the trial court erred in refusing "to allow him to show the facts in regard to the goods which were bid in by Brecher, and which he paid for at the instance of Treitschke and turned over to him." A complete answer is that the record does not disclose a single instance in which objections were sustained to questions propounded by counsel for plaintiff in error to his own witnesses, that he made an offer of what he proposed to prove by such witness. Such offer, under the repeated decisions of this court, was necessary in order to avail himself of the error rejecting the testimony. (*Lipscomb v. Lyon*, 19 Neb., 522; *Mathews v. State*, Id., 338; *Yates v. Kinney*, 25 Id., 123.)

The verdict being sustained by the evidence and no error appearing in the record that could materially affect the merits of the case, the judgment is

AFFIRMED.

THE other judges concur.