## JAMES MORAN, SR., v. ENOS McCULLUM.

FILED JANUARY 19, 1897.   No. 6990.

Continuance: JUSTICE OF THE PEACE. A party to an action before a justice of the peace, who has obtained one adjournment, cannot procure another extending more than thirty days from the return day, on a general affidavit in the language of section 960 of the Code of Civil Procedure. For that purpose he must comply with section 961.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J. *Affirmed.*

*Buck & McConnell,* for plaintiff in error.

*Searle & Coleman, contra.*

IRVINE, C.

McCullum brought an action in replevin against Moran before a justice of the peace. On the return day an adjournment was granted, on the request of the defendant and by consent of the plaintiff, for seventeen days. When the day to which the cause stood adjourned came, the de-

33

fendant filed a motion for an adjournment for thirty days
further and supported the same by his affidavit as follows:
"James Moran, the defendant in this action, being first
duly sworn, on his oath says he cannot safely proceed
with the trial of said action at this time for the want of
material testimony for the defense which he expects to
procure. Wherefore he requests of the court that said
cause may be continued for thirty days from this date."
The motion was overruled and after judgment for the
plaintiff the defendant prosecuted error to the district
court, where the judgment of the justice was affirmed.
The defendant now prosecutes error to this court from the
judgment of the district court. The sole question raised
is the sufficiency under the circumstances above stated
of the affidavit for a continuance.

Sections 959, 960, and 961 of the Code of Civil Proced-
ure provide for adjournment of trials before justices of
the peace. Section 959 provides for certain cases where
the justice may adjourn the trial upon the return day
without the consent of either party; and closes as fol-
lows: "If the trial be not adjourned it must take place
immediately upon the return of the summons." Sections
960 and 961 are as follows:

"Sec. 960. The trial may be adjourned upon the appli-
cation of either party, without the consent of the other,
for a period not exceeding thirty days, as follows; the
party asking the adjournment must, if required by his
adversary, prove by his own oath, or otherwise, that he
cannot, for want of material testimony which he expects
to procure, safely proceed to trial.

"Sec. 961. An adjournment may be had at the return
day, or at any subsequent time to which the cause may
stand adjourned, on the application of either party, for a
period longer than thirty days, but not to exceed ninety
days from the time of the return of the summons, upon
compliance with the provisions of the preceding section,
and upon proof by the oath of the party, or otherwise, to
the satisfaction of the justice, that such party cannot be

ready for trial before the time to which he desires an adjournment for the want of material evidence, describing it, that the delay has not been made necessary by any act or negligence on his part since the action was commenced, and that he expects to procure the evidence at the time stated by him."

In *Belcher v. Skinner*, 28 Neb., 91, and in *Coombs v. Brenklander*, 29 Neb., 586, it was held that an affidavit in the language of section 960 was sufficient to entitle a party to a continuance not exceeding thirty days, but in both cases the application was made on the day when the cause was first set for trial. In *Belcher v. Skinner* it is said that this latitude is allowed because the statute seems to regard thirty days as not an unreasonably short time to prepare for trial. In the case before us one adjournment had been had at the defendant's request, and the fact that the plaintiff consented is not material, because section 960 demands an affidavit only when required by the adverse party. Possibly, though this we do not decide, where the first adjournment is for less than thirty days, a further adjournment might be had under section 960 by general affidavit, provided the two adjournments together would not exceed thirty days; but section 961 plainly contemplates that in order to procure an adjournment extending more than thirty days from the return day the affidavit must be according to the requirement of that section. The affidavit here filed was insufficient to justify an adjournment extending beyond thirty days from the return day.

AFFIRMED.