## JOHN N. GOTT v. SOPHRONIA BRIGHAM.

*Waiver of defects in jurisdiction—Attorney and client—Attorney not bound to advise against his own interest.*

One who pleads to the merits and takes the chance of trial thereon cannot question the jurisdiction for the first time in the appellate court.

One who is improperly subjected to the jurisdiction of a court can relieve himself by the proper pleading.

A general retainer does not cover matters in which the attorney has
   a personal interest opposed to his client's.

An attorney employed for a particular service cannot acquire a per-
   sonal interest in the subject matter of the employment, opposed
   to that of his client, without the client's consent or ratification.

An attorney, engaged to lend money for a client, lent it, took a note
   for the amount made to himself, which he indorsed and delivered
   to her.   *Held* that she could not recover against him under a
   declaration alleging that he had engaged to advise her as to all
   proper action necessary for her to take for her security, and com-
   plaining that he did not in fact advise her that she must protest
   the note at maturity in order to charge the indorser.

The holder of a note is presumed to know what action is necessary
   to hold the indorser.

Error to Superior Court of Detroit.    Submitted June
6.   Decided July 1.

ASSUMPSIT on common and special counts by Sophro-
nia Brigham against John N. Gott.    The declaration
recited that Gott was an attorney whom the plaintiff
had employed to invest $1,700 for her by way of loan
at ten per cent. interest, "the said sum of money to be
well and sufficiently secured, plaintiff to be properly and
duly advised in regard thereto for her protection in the
premises, until" it be repaid her.    The declaration avers
that defendant undertook and promised the plaintiff in
consideration of the delivery to him of the money, to
use due and sufficient care to lay it out in the security
or investment by way of loan at the rate of interest
specified, payment of principal and interest to be well
secured, and to use sufficient and due care to properly
advise plaintiff as to any and all proper action and duty
in regard thereto and for the protection of said security,
and to save her from loss until the said $1,700 should
be paid her again.    Plaintiff declares that confiding in
defendant's last mentioned promise, she delivered him
the money and he afterwards laid it out for her in an'
investment in the following promissory note:  "$1,700.
Ann Arbor, Mich., October 3d, 1876.    Sixty days after
date we promise to pay to the order of John N. Gott,

seventeen hundred dollars, value received with use at ten per cent. per annum. C. H. Millen & Son." Indorsed "Jno. N. Gott." The declaration continues as follows:

"Nevertheless said defendant, not regarding his said promise and undertaking, but contriving and fraudulently intending to deceive, defraud and injure the plaintiff in this behalf, did not nor wouid use due and sufficient care to advance and lay out the said sum of money in the purchase or investment aforesaid to be well and sufficiently secured, but wholly neglected so to do, and would not and did not properly advise and instruct the plaintiff as to any and all proper action and duty of plaintiff in regard thereto, and to protect and preserve the said security so that she might enjoy the income from the same and save herself from loss until the repayment of said sum of money to her, but wholly neglected so to do, and thereby deceived and defrauded the said plaintiff in this, to wit: that the said defendant then and there wrongfully and unjustly advanced and paid said sum of seventeen hundred dollars to said C. H. Millen & Son aforesaid, on a bad, insufficient, inadequate and unusual security, and did not advise and instruct the plaintiff to preserve her security by having the said note presented at the maturity thereof, according to the tenor and effect thereof, to C. H. Millen & Son, and if dishonored, notice thereof given to said John N. Gott, or to take other measures to save the suretyship and liability of the said John N. Gott in and by said note, and did advise and instruct this plaintiff, at or about the time of the maturity of said note, and at divers times since, before the repayment of said seventeen hundred dollars now due her, that the said investment was perfectly safe and secure as it was, and did so advise plaintiff, to wit: after the maturity of said note, and after the failure of the plaintiff to cause said notice of dishonor to be made and given to said endorser, and at divers other times and to wit: at Ann Arbor aforesaid on July 5th, 1878.

"And also in this, to wit: that the said C. H. Millen & Son before and at the time of said advance of said sum of seventeen hundred dollars as aforesaid to them, and from thence hitherto hath been and still are in bad and insolvent circumstances, and wholly unable to pay the said interest, loan or investment, or any part thereof, and that such bad circumstances by which such security was insufficient and inadequate have been at the time and since such investment by the said defend-

ant well known to said defendant, and in truth by reason of the badness and insufficientness of the said security and the said bad and insolvent circumstances of said C. H. Millen & Son, and of the failure of said defendant to properly advise the said plaintiff as to her proper and necessary action to protect and save her security and to save the said sum of money, she the said plaintiff hath been and is wholly unable to recover, receive payment or satisfaction of said investment, and is likely to lose the said seventeen hundred dollars as well as the interest thereon."

Plaintiff below recovered and defendant brings error, complaining among other things that the Superior Court of Detroit in which the case was tried did not have jurisdiction, and that the statute conferring jurisdiction upon that court was unconstitutional in attempting to confer upon a municipal court of Detroit original jurisdiction, and concurrent jurisdiction with the circuit court in civil actions of a transitory nature in cases where process is served in Detroit though not the residence of either of the parties nor the place where the cause of action arose nor where the subject matter of the suit is located, and also in cases where plaintiff is a resident of Detroit and the defendants or one of them is served with process elsewhere in the county.

*Beakes & Cutcheon* for plaintiff in error claimed that Act 59 of 1873 was unconstitutional in giving jurisdiction of transitory actions to the Superior Court of Detroit, and argued that the earlier legislation of Michigan tended to show that municipal courts could have jurisdiction only of matters arising within the municipal limits, 2 Terr. Laws, 226-7, (1824) §§ 23, 24, 25; id., 350-1, (1827) §§ 31, 33, 38; Act 114 of 1837, pp. 243, 255-6; Act 89 of 1841, § 3, p. 193; Act 247 of 1850, pp. 272-3; Act 246 of 1859, p. 1025; *Welles v. Detroit*, 2 Doug. (Mich.), 77; *Jackson v. People*, 9 Mich., 122; *Thompson v. School District*, 25 Mich., 487; *Denison v. Smith*, 33 Mich., 158; *Jones v. Kent Circ. Judge*, 35 Mich., 496; *Covell v. Kent County Treasurer*, 36 Mich., 333; *Heath v. Kent Circ.*

*Judge*, 37 Mich., 374; in England, the jurisdiction of municipal courts has always been strictly limited to causes arising within the municipal bounds, 3 Com. Dig., 328, Courts (O.), 3; 8 Bac. Ab. (Bouv. ed.), 231; 2 id., 630-1, 790-2; *Brooks v. Moravia*, 2 H. Bl., 220; *Peacock v. Bell*, 1 Williams' Saunders, 74 a, n. 1; *Perrin v. West*, 3 Ad. & El.. 405; *The Marshalsea*, 10 Co., 76; *Hayes v. Long*, 2 Wilson, 310; *Trevor v. Wall*, 1 T. R., 151; *King v. Danser*, 6 T. R., 242-5; *Cook v. M'Pherson*, 8 Ad. & El. (N. S.), 1030; *Mayor of London v. The Queen*, 13 id., 29; *Jordon v. Cole*, 1 H. Bl., 532; *Briscoe v. Stephens*, 2 Bing., 213; *Adney v. Vernon*, 3 Levins, 243; 1 Rolles Ab., Escape F. pl., 3; *Read v. Pope*, 1 Cr., M. & R., 302; *De Haber v. Queen of Portugal*, 17 Ad. & El. (N. S.), 171, 213, 214; *Cox v. Mayor of London*, 1 H. & C., 355: L. R. 2 H. L., 239; *Banque de Credit Commercial, v. De Gas. Lazard*, L. R. 6 C. P., 141; *Cooke v. Gill*, L. R. 8 C. P., 107; *Whinney v. Schmidt*, L. R. 8 C. P., 118; *Quartly v. Timmins*, L. R. 9 C. P., 416; *Tapp v. Jones*, id., 418; *Gold v. Turner*, L. R. 10 C. P., 149; *Taylor v. Jones*, L. R. 1 C. P. Div., 87: L. R. 3 C. P. Div., 234; 3 Com. Dig., 350, Courts, P. 15, 342; ibid, 137 A. 1; and the pleadings must show that the cause of action arose within the court's jurisdiction, 1 Chitty Pl. (7th Eng. ed.), 287; Grant on Corporations, 460 n. *m*: 466 n. *l*; there are American authorities limiting the jurisdiction of municipal courts, *People v. Evans*, 18 Ill., 361; *Covill v. Phy*, 26 Ill., 432; *Kane County Supervisors v. Young*, 31 Ill., 198; *Holmes v. Fihlenburg*, 54 Ill., 203; *Joslyn v. Dickerson*, 71 Ill., 25; *Meyer v. Kalkmann*, 6 Cal., 582: (overruled in *Hickman v. O'Neal*, 10 Cal., 292; see *Seale v. Mitchell*, 5 Cal., 402; *Vassault v. Austin*, 36 Cal., 696); *Landers v. Staten Island R. R. Co.*, 53 N. Y., 450; *Hoag v. Lamont*, 60 N. Y., 96; *Mathie v. McIntosh*, 40 Wis., 120; *State v. Lacrosse County Judge*, 11 Wis., 51; *Atkins v. Fraker*, 32 Wis., 510; *Connors v. Gorey*, id., 518; *Zitske v. Goldberg*, 38 Wis., 234; *Maples v. Wightman*, 4 Conn., 376; *Wooster v. Parsons*, Kirby, 27; *Buel*

*v. Fabrick,* 1 Root, 150; *Austin v. Fitch,* 1 Root, 287; *Nichols v. Shaw,* id., 315; *Griswold v. Mather,* 5 Conn., 439; in the circuit court of the United States, where the jurisdiction depends on the citizenship of parties, the jurisdictional facts must affirmatively appear of record, and if they do not, judgment is reversed even though a plea to the merits had been filed and a verdict and judgment rendered without objection to the jurisdiction of the trial court, or though decree had been entered by stipulation, *Exp. Smith,* 94 U. S., 455; *Bingham v. Cabot,* 3 Dal., 382; *Turner v. Enrille,* 4 Dal., 7; *Turner v. Bank of North America,* 4 Dal., 8; *Course v. Stead,* 4 Dal., 27; *Capron v. Van Noorden,* 2 Cr., 126; *Hodgson v. Bowerbank,* 5 Cr., 303; *Sullivan v. Fulton Steamboat Co.,* 6 Wheat., 450; *Jackson v. Twentyman,* 2 Pet., 136; *Dred Scott Case,* 19 How., 401; *Morgan v. Callender,* 4 Cr., 370; *Cutler v. Rae,* 7 How., 731; *Brown v. Keene,* 8 Pet., 112; *Jackson v. Ashton,* 10 Pet., 480; *Ketchum v. Farmers' L. & T. Co.,* 4 McL., 1; *Bargh v. Page,* 4 McL., 10; *New Orleans v. Winter,* 1 Wheat., 91; *Ward v. Arredondo,* 1 Paine, 410; *Anderson v. Bell,* 2 Paine, 426; *Rhode Island v. Massachusetts,* 12 Pet., 718; and see *Hill v. Pride,* 4 Call (Va.), 107; *Morrison v. Shelley,* 25 Wend., 407; *Coal Co. v. Blatchford,* 11 Wal., 178; a statute purporting to give a municipal court extra-territorial jurisdiction cannot be construed to confer a simply local jurisdiction, *United States v. Reese,* 92 U. S., 220; Sedgwick's Const. Law, 413, 414, n; Cooley's Const. Lim., 117 et seq.; this defect in jurisdiction cannot be waived, *Elder v. Dwight,* 4 Gray, 204; *Russell v. Green,* 10 Conn., 276; and the jurisdiction cannot be given by consent, *Exp. Schollenberger,* 96 U. S., 377; *Ober v. Gallagher,* 93 U. S., 204; *Wood v. Mann,* 1 Sumn., 578; *Conolly v. Taylor,* 2 Pet., 564; *Findlay's Ex'rs v. U. S. Bank,* 2 McL., 44; *Briscoe v. Stephens,* 2 Bing., 213; Cooley's Const. Lim., 398; *Beach v. Botsford,* 1 Doug. (Mich.), 203; *Clark v. Holmes,* id., 390; *Greenvault v. Bank,* 2 id., 498; *Raymond v. Hinkson,* 15 Mich., 113; *Moore v. Ellis,* 18

Mich., 77; *Farrand v. Bentley*, 6 Mich., 281; *People v. Smith*, 9 Mich., 193; *Bennett v. Nichols*, 12 Mich., 23; *Coffin v. Tracy*, 3 Cai., 129; *Blin v. Campbell*, 14 Johns., 433; *Dudley v. Mayhew*, 3 N. Y., 9; *Vose v. Morton*, 4 Cush., 32. The special count in the declaration did not show a cause of action on the merits in that it did not show that there was to be any fee as consideration for defendant's services as attorney, but only alleged the delivery of funds to him for investment for plaintiff, *Dartnall v. Howard*, 4 B. & C., 345: Dow. & Ry., 438; *Elsee v. Gatward*, 5 T. R., 143; an indorser does not waive notice of protest by taking security against his liability; *Seacord v. Miller*, 13 N. Y., 55; *Kramer v. Sandford*, 4 W. & S., 328; *Ray v. Smith*, 17 Wal., 411; *Creamer v. Perry*, 17 Pick., 332; *Haskell v. Boardman*, 8 Allen, 38; *Moses v. Ela*, 43 N. H., 560; *Spencer v. Harvey*, 17 Wend., 489; *Wilson v. Senier*, 14 Wis., 380; *Denny v. Palmer*, 5 Ired., 610; 1 Pars. N. & B., 566–7: 571–4, n. *s;* 2 Dan. Neg. Inst., 155, 1135, 1140; an attorney who makes a good investment and delivers the obligation to the client would not be liable if the client loses the debt by allowing it to be outlawed, *Macbeath v. Ellis*, 4 Bing., 578; *Tipping v. Johnson*, 2 B. & P., 357; *Savory v. Chapman*, 11 A. & E., 829; *Butler v. Knight*, L. R. 2 Exch., 109; 1 Addison on Torts, 499.

*Griffin & Dickinson* for defendant in error. Pleading the general issue is submitting to the jurisdiction, and after one has gone to trial on the merits, he cannot for the first time question the jurisdiction in the appellate court, *Grand Rapids etc. R. R. Co. v. Gray*, 38 Mich.,   ; the objections to the declaration should have been raised by demurrer, *Stange v. Clemens*, 17 Mich., 409; but it is proper pleading, *Whitehead v. Greetham*, 2 Bing., 464; *Ireson v. Pearman*, 3 B. & C., 799; the law implies a promise by an attorney to use reasonable care in his employment, Cooley on Torts, 648–9, and the practice is to sue in assumpsit for breach of the implied promise or in tort for negligence, *Burnett v. Lynch*, 5 B. & C.,

609; 2 Chitty Pl. (16 Am. ed.), 57; an attorney is bound to the strictest good faith, *Payne v. Avery*, 21 Mich., 524.

MARSTON, J.   As regards the jurisdictional question, this case in its facts is within *Grand Rapids etc. R. R. Co. v. Gray*, 38 Mich., and cannot be distinguished therefrom.   The question was first raised after the Superior Court of Detroit had been exercising its powers under declarations similar to the one in this case for several years without its jurisdiction under them being questioned at the bar.

The Superior Court of Grand Rapids had been subsequently organized by the Legislature with the same general powers and without any restrictions upon its authority to prevent the exercise of the like power in the same way.

All the considerations now pressed upon our attention and many others were before us when the case referred to was decided, and the conclusion we reached in that case was then and still is satisfactory to us. Under it every person improperly subjected to the jurisdiction of the Superior Court may relieve himself by proper pleading, but he cannot subject the court and the public to the expense and trouble of a trial on the merits, and then be allowed for the first time, in this court, to demand a hearing on the jurisdictional question, after he has proven to be a loser in speculating on the chances of such a trial.

The Superior Court, in regard to the subject matter of suits, is not a court of inferior jurisdiction; if it were a different result might perhaps be forced upon us with all its consequences.

We shall not, therefore, attempt to review at this late day the authorities cited as to the proper meaning of the words used in the constitution, nor attempt to point out any distinction between a plea to the merits to cases in this court and the courts referred to, as we consider the question settled by the case referred to.   We

are therefore of opinion that defendant by his plea to and trial upon the merits waived all right to be heard upon this question.

After the evidence was all introduced, the record sets forth that the court, on motion of defendant's counsel, required plaintiff to elect whether she would rely upon the first count in the declaration, or whether she would seek to charge him as indorser under the common counts, and that thereupon counsel for plaintiff elected to claim under the first count of the declaration.

The cause of action set forth in the first count was that plaintiff retained and employed the defendant as her attorney to advance and lay out a certain sum of money for plaintiff in investment or loan, and therefrom the said sum of money to be well and sufficiently secured, "plaintiff to be properly and duly advised in regard thereto, for her protection in the premises, until said seventeen hundred dollars shall be repaid her." The declaration then sets forth that defendant undertook and promised the plaintiff, in consideration, etc., as requested, to use due and sufficient care to advance and lay out the said sum of money, the payment of which should be well and sufficiently secured, and to use sufficient and due care to advise and to properly advise the plaintiff as to any and all proper action and duty in regard thereto, and for the protection of said security, and to save her from all loss until the said sum should be paid her again.

The breach alleged is that he did not use due and sufficient care; that the investment was not well and sufficiently secured, and that he did not properly advise and instruct the plaintiff in regard thereto, and to protect and preserve the security by having the note presented at the maturity thereof, and properly protested, so as to charge the endorser, but on the contrary advised that the security was good and ample.

The money was loaned to C. H. Millen & Son, and

their note given payable to the order of John N. Gott, the defendant, who endorsed the same. This note at or about the date thereof was delivered to the daughter of the plaintiff who represented the latter in the entire transaction, and by her retained, and no steps were taken to charge the endorser by a demand, protest and notice thereof. It was not disputed that this note, when endorsed by the payee, and delivered to the plaintiff, was good and collectible, and that it remained so had proper steps but been taken to charge the endorser; and the court instructed the jury that they would not be justified in finding for the plaintiff on the question whether there was a good investment or not.

The defendant can be held liable on this count then, if at all, in that he did not advise plaintiff that, in order to hold him as an endorser upon the note, payment must be demanded at maturity, and if refused, the note be protested and notice given.

The alleged statements made by the defendant, both before and after the maturity of the note, that the makers thereof were responsible, and that the investment was perfectly safe and secure, cannot aid the plaintiff in the present form of action. If he made such statements, well knowing or having good reason to believe the contrary, when it was his duty, because of his relation to the plaintiff as her attorney, to advise her of all facts known to him affecting her security, and she relying thereon took no steps to enforce her claim, and was injured thereby, the defendant might be responsible, but not under the declaration in this case.

Admitting then the relation of attorney and client to exist as set forth, was the failure of defendant to advise plaintiff of the steps necessary to be taken by her to charge him as an endorser sufficient to enable her to recover in this case? Under the allegations and the evidence I am of opinion they were not. The note was delivered to the plaintiff and remained in her hands. The defendant, upon this subject, whatever the case may

have been upon other matters, did not mislead the plaintiff or say or do anything to prevent her from taking the proper steps to charge him. Whether the makers were good or not, that would have been a proper and a necessary legal proceeding to have been taken by the holder of the paper. This the plaintiff is presumed to have known.

The case need not be rested upon any such presumption however. The agreement alleged in the declaration was made previous to the date of the loan to Millen & Son. It did not contemplate and could have no application whatever to a loan made to the defendant, or to one made by him in which he would become responsible upon the note given therefor. It could not have been contemplated that defendant, acting as her attorney, should loan the money and take a note therefor payable to his own order, endorse the same over to the plaintiff, and then advise her as to the steps she would have to take in order to hold him responsible as endorser. To carry the matter a step farther, had the agreement been that defendant should loan, advise, and collect the money when due, and he had taken a note and endorsed the same over, as in this case,—could it be said in such a case he would not only have to advise her of her legal rights, but also bring and prosecute an action against himself to collect the debt? Clearly we think not. When the note in this case was taken, endorsed over to the plaintiff, and by her received and retained, she thereby approved of the loan as made and accepted the security as given therefor. The original agreement and the relation thereby created between the plaintiff and defendant, by which it had been his duty to advise and instruct her how to preserve her security by taking the steps necessary to charge himself as endorser, then terminated. His position as her adviser, and also as security for the loan made, were as against himself inconsistent. He could not well act in the two capacities without a clashing of

interests.  Had he afterwards said or done anything to mislead and prevent the plaintiff, and which relying upon, did prevent her from taking steps necessary to charge him as endorser, he might in a proper form of action be held bound, but such is not the case here made or relied upon.

A general employment of an attorney in reference to a particular subject could not be held to extend to a matter connected therewith, in which he was personally interested in opposition to the interests of his client. If claims were placed in his hands for collection, with authority to compromise whenever he considered it for his client's benefit so to do, and among such claims was one upon which he was personally liable, would his authority extend to such a case?  If employed to sell property he could not become the purchaser; or if to buy, he could not purchase property in which he had an interest; or if money was entrusted to him for loan, he could not become the borrower, unless the client was made fully acquainted with all the facts and consented thereto, or ratified the transaction.  In fact a general employment will not be held to extend to matters where the interests of the parties would come in conflict. The law will not permit a general employment to extend to such cases.  The dangers of any other rule would be apparent, and are illustrated in part by this very case.

The judgment must be reversed, with costs, and a new trial ordered.

GRAVES and COOLEY, JJ., concurred.  CAMPBELL, C. J., did not sit in this case.