ELDER v. GREENE.

1. EVIDENCE—CLAIM AND DELIVERY—JURISDICTION.—Defendants to this action obtained possession of plaintiff's horse on giving a bond in their action of claim and delivery which was dismissed by the trial justice for want of jurisdiction; and the return of the horse was ordered by the trial justice. Plaintiffs then sued defendants. If this action was for trespass, testimony was admissible to prove defendants' title; but if on the bond, title was not involved, and such testimony was inadmissible—not, however, upon the ground that the question of title had been settled.
2. CLAIM AND DELIVERY—JURISDICTION.—The trial justice being without jurisdiction, his order that the horse be returned was void, and a failure to return the horse was no breach of the condition of the bond which required such return when "adjudged by any competent authority."
3. THIS CASE DISTINGUISHED from Cavender v. Ward, 28 S. C., 470.
4. AMENDMENTS.—Case remanded with leave to move for an amendment of the complaint.

Before WALLACE, J., Spartanburg, October, 1890.

This was an action by D. H. Elder and L. C. Elder against I. L. Greene and others, partners under the firm-name of the Arlington Manufacturing Company, commenced January 15, 1889. The judge charged the jury as follows:

You all understand that the Arlington Manufacturing Company brought an action against Elder to recover the possession of a horse. They proceeded under the statute and made the necessary affidavit before the trial justice, and gave a bond for the benefit of Elder to enable them to secure an order from the trial justice that the horse should be put into their custody, in the custody of the Arlington Manufacturing Company, the bond providing that if it should be determined that the horse was to be returned to Elder, they would return the horse to Elder and pay such sum as should be awarded against them. The case was dismissed before the trial justice, and an order made by him that the horse should be returned to Elder. They did not return it to Elder. and Elder brings his action on that bond to recover the value of the horse and the costs of the action. Now, the

defendant proposes to renew in this court the issues in the trial justice court as to who owned the horse.   I have ruled all that out, as you see, because the order of the trial justice was that the horse should be returned, and the condition of the bond here is that if the trial justice should order the horse to be returned, he is to do it.

If the trial justice did not have jurisdiction and ordered the horse returned, the obvious course for Mr. Greene was to return the horse and bring his action in this court and set up title to the horse here.   But he did not see proper to do that.   He declined to obey the order of the trial justice, risked his chances on the bond, expecting to renew the issue of title to the horse here. I do not think under the bond here he can.   He could have protected himself by giving the horse back to Elder and immediately beginning proceedings here to recover him, and then it would have come up naturally, and by returning the horse and paying costs, the bond would have been discharged.   But instead of doing that he keeps the horse and takes his chances on the bond.

Now, the bond was conditioned that if he did not return the horse if it was so ordered, he would pay the value of it, and therefore I do not think that it would be legitimate and proper that whether or not he owned the horse should arise in this trial. The only issue here is, did he perform the condition of the bond and return the horse, when the bond says if he is ordered to do it, he is to do it?   He was ordered to do it, and he did not do it, and the condition of the bond therefore is forfeited, and he must take the consequences.

So, if you find for the plaintiffs, you will say, "We find for the plaintiffs" whatever you think from the testimony the horse was worth.   If you do not think the plaintiffs are entitled to recover, you just find for the defendant.   Take the record.

Defendants appealed.

*Messrs. Bomar & Simpson*, for appellants.

*Mr. Stanyarne Wilson*, contra.

June 17, 1891.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.    It appears in this case that the de-
fendants herein had brought an action in the trial justice court
against the plaintiffs herein of claim and delivery, to recover pos-
session of a certain horse, and that having given the required
undertaking, the horse was seized by the constable and delivered
to the defendants herein, who were the plaintiffs in the action
before the trial justice.    When the original case came on for trial
before the trial justice, the defendants therein, who are now the
plaintiffs herein, moved to dismiss that action on the ground that
the trial justice had no jurisdiction.    That motion was granted
and the case was dismissed and the horse ordered to be returned
to the defendants in that action.    This order not having been
complied with, the plaintiffs herein made a demand on the defen-
dants herein for the horse, with which demand the defendants
refused to comply.    Whereupon this action was commenced, in
which the plaintiffs, after setting out the facts in detail, which
have been substantially stated above in a more condensed form,
allege: "That by the aforesaid wrongful seizure, conversion,
and disposition of said horse, and by the said failure of these
defendants to comply with said judgment of the trial justice, and
by their refusal to accede to the said demand of these plaintiffs,
they have caused plaintiffs damage in the sum of one hundred
and thirty-five dollars," for which sum, besides costs, judgment
is demanded.    The defendants answered, setting up title in them-
selves to said horse, and that they had acquired possession from
the former owner, and denying that plaintiffs had any interest in
or right to the possession of said horse.

At the trial, when defendants offered to introduce testimony to
support their defence, the same was, upon objection, ruled inad-
missible, and defendants duly excepted.    The Circuit Judge
charged the jury, amongst other things, that the action was on
the bond or undertaking, and therefore the question as to the
ownership of the horse, or the right to the possession thereof, was
not in issue in this case, and for that reason all the testimony as
to that had been ruled out, and the only issue was whether defen-
dants had complied with the condition of the bond.    The jury
rendered their verdict in the following form: "We find for plain-
tiff a verdict for one hundred dollars and costs."    Whereupon a

motion for a new trial was made upon the ground, amongst others, that defendants were not bound to return the horse, as required by the order of the trial justice, because the same was void for the want of jurisdiction, and because the judgment of the trial justice, not being in the alternative, was not in the form required by law, which motion was refused.    Thereupon the defendants gave due notice of appeal upon the several grounds set out in the record which need not be specifically repeated here.

The frame of the complaint, a copy of which is set out in the "Case," might possibly leave it doubtful whether the action was based upon trespass committed by the alleged wrongful and unlawful seizure of the horse under the proceedings before the trial justice, or upon the bond or undertaking given by the defendants under that proceeding. If it should be regarded as an action for the trespass alleged to have been committed, then it is quite clear that there was error in excluding the testimony which was offered for the purpose of showing that the plaintiffs had no title or right to the possession of the horse. But the action seems to have been treated below as an action on the bond or undertaking.    The Circuit Judge so charged the jury, and counsel for respondents in his argument here has insisted that such was the true character of the action, and, if so, then it is equally clear that there was no error in excluding the testimony as to title or right to possession, for the reason that in such case the only issue would be whether there had been a breach of the condition of the bond or undertaking, and the testimony as to title would be wholly irrelevant.    Such testimony, however, would not be incompetent, as seems to have been supposed by the court below, because the issue as to title had been disposed of in the trial justice court, and therefore could not be renewed here; for if, as was ruled, the trial justice had no jurisdiction, then no issue, except that of jurisdiction, was or could be heard or determined by him.

Looking at the case, then, as an action on the bond or undertaking, the question presented is whether the Circuit Judge erred "in refusing to hold that the judgment of the trial justice court ordering the return of the horse was irregular and void, because not in legal form, and because (that) court

was without jurisdiction."   Under the view which we take of the matter of the jurisdiction, the alleged irregularity in the form of the judgment cannot properly arise, and therefore need not be considered. The undertaking, or bond, as it is called, is set out in the "Case," and, after the proper recitals, is conditioned "for the return to the defendants (the plaintiffs herein) of the said property, or so much thereof as shall be taken by virtue of the said affidavit and requisition thereupon endorsed, if a return thereof shall be adjudged." Of course, a court is bound to construe this as meaning, *if the return of the property in question be adjudged by any competent authority;* and hence until that appeared, there was no breach of the condition of the bond. The real question in the case being whether there had been a breach of the condition of the bond, which was more a question of law than of fact, dependent as it was upon a construction of the terms of the bond, and the legal effect of the judgment which the trial justice undertook to render, it seems to us that the Circuit Judge erred in refusing to hold that the judgment of the trial justice ordering a return of the property was absolutely void for want of jurisdiction, and hence, legally speaking, the return of the property never had been adjudged, and consequently there was no breach of the condition of the bond.

After it had been adjudged, without appeal, in a case between these same parties, that the trial justice had no jurisdiction of the case in which the bond was taken, he, of course, could render no valid judgment for the return of the property, or for anything else except to dismiss the case for want of jurisdiction. His effort to do so was a mere nullity, and amounted to no more than if he had not undertaken to render any judgment at all, or pass any order either for the return or retention of the property. Having no jurisdiction of the case, he had no authority to try or determine any of the issues raised therein, and until such issues were tried and determined, he could not lawfully render any judgment or pass any order with respect to such issues. He did not have any authority to try the issue as to which of the parties was entitled to the possession of the horse, and he did not undertake to do so; and surely until that issue was tried and determined, he had no authority to order the return of the horse; and

his so-called order or judgment to that effect was entitled to have no more effect than if passed or rendered by a private individual. Any other view would completely deprive the defendants of the opportunity of having the title to, or the right to the possession of, the horse in question tried at all. It was not and could not have been tried in the trial justice court for want of jurisdiction in that court; and it could not, as we have seen, be tried in this action upon the bond.

It will be observed that the point of objection raised by this appeal is not, as in the case of *Cavender* v. *Ward* (28 S. C., 470), because the bond sued on, being taken in a case of which the court in which it was instituted had no jurisdiction, was illegal; but the point made here does not rest upon any illegality in the bond, but rests solely upon the ground that there has been no breach of the condition of the bond, because what is claimed to have been a judgment for the return of the property is a mere nullity for want of jurisdiction in the court undertaking to render it, and hence the case must be considered as if there never had been any such judgment, and, if so, then clearly there was no breach of the condition of the bond. It is plain, therefore, that the case of *Cavender* v. *Ward*, and the authorities therein cited, have no application to the question raised here.

Although this action, as we have seen, cannot be maintained as an action on the bond or undertaking, yet as it may be possible that the complaint can be regarded as containing sufficient allegations to sustain an action for trespass, or if not, that it may be possible to so amend it as to give it that character, in which the parties will have an opportunity, which they have not yet had, of having the question of title to, or right to the possession of, the horse tried and determined, we think that the case should be remanded to the Circuit Court for a new trial, with leave to plaintiffs to apply to that court for such amendments as may be deemed proper to effect the end indicated, if they shall be so advised.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial, with leave to the plaintiffs, if they shall be so advised, to

apply for such amendment of the complaint as may be deemed proper by the Circuit Court.