RAMSBY *v.* BIGLER.[1]

1. APPEAL—JURISDICTION—WAIVER OF OBJECTION.

    A defendant in a suit in justice's court, who takes a general appeal to the circuit, and there goes to trial on the merits, will not be heard to object in the Supreme Court, for the first time, that the case was not within a justice's jurisdiction.

2. HIGHWAYS — OBSTRUCTION — ACTION FOR PENALTY — JUSTICES' COURTS—TITLE TO LANDS—PLEADING.

    A defendant in a suit in justice's court to recover a penalty for obstructing a highway, who fails to give the notice and bond provided for by 1 Comp. Laws, §§ 782, 784, where title to land comes in question before a justice, is precluded from questioning the existence of the highway; 3 Comp. Laws, § 9804, providing that, in suits to recover penalties, the defendant may, under the general issue, give in evidence any special matter in bar of the action the same as if special notice had been given, being inapplicable to such a case.

Error to Emmet; Shepherd, J. Submitted January 29, 1902. Decided March 4, 1902.

Case by Henry Ramsby, highway commissioner of Littlefield township, against Fred Bigler, to recover a penalty for obstructing a highway. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff, highway commissioner of the township of Littlefield, brought this suit against the defendant to recover a penalty for obstructing a highway, under 2 Comp. Laws, § 4157, which provides a penalty of not exceeding $25 for such obstruction. Section 4189 authorizes the highway commissioner to bring suit to recover such penalty in any court of competent jurisdiction. Section 9799, 3 Comp. Laws, confers jurisdiction upon justices of the peace in all actions for the recovery of penalties or

[1] Rehearing denied April 25, 1902.

forfeitures where the amount thereof does not exceed $100. Defendant entered a plea of the general issue. The case was tried upon its merits in the justice's court, where a judgment was rendered for the plaintiff; was appealed to the circuit court, where again judgment was entered for the plaintiff.

*Halstead & Halstead,* for appellant.

*C. J. Pailthorp,* for appellee.

GRANT, J. (*after stating the facts*). 1. The defendant raises the question of jurisdiction for the first time in this court, claiming that, under the statutes, justices of the peace have no jurisdiction in cases for the recovery of a penalty for obstructing a highway. The objection comes too late. He should have raised it in the justice's court. This is not one of those cases where the court of last resort will upon its own motion, or where the question is there for the first time raised, decide that the court in which suit was brought had no jurisdiction. The circuit court, under defendant's contention, had jurisdiction. He took a general appeal to that court, and thus submitted his case upon the merits to a court of competent jurisdiction. The case is within the following authorities: *Gott* v. *Brigham,* 41 Mich. 227 (2 N. W. 5); *Grand Rapids, etc., R. Co.* v. *Gray,* 38 Mich. 461.

2. It is next contended that plaintiff did not prove the existence of a highway where the obstructions were placed. It is apparent from the record that defendant claimed title to the land comprising the highway where the obstructions were placed. Not only had he obstructed it, but he had posted a notice, signed by himself, that this was a private road. If he had claimed title he should have given notice under section 782, 1 Comp. Laws, with his plea that title to the land in question was involved, and also have given the bond required by section 784, in which case the suit would have been certified to the circuit court for trial. By his failure to give such notice and bond he was precluded from

raising the question of title. Section 786. Defendant relies upon section 9804, 3 Comp. Laws, which provides that, in suits to recover penalties or forfeitures, the defendant may give in evidence, under the plea of the general issue, any special matter in bar of the action, or in discharge of the defendant therefrom, in the same manner, and with the like effect, as if a special notice thereof had been given. That is a general act, and does not affect the special proceedings provided for where title to lands comes in question. The circuit judge was correct in holding that, under the pleadings, the question as to the existence of the highway was not involved, and that the plea of the general issue admitted the existence of the highway. It is clear from the record that this highway had been opened and used as such for from two and a half to three years, and the defendant himself admitted that he received $100 as compensation for his work in building it.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.