## PEOPLE'S SEC. BANK OF WORTHING v. SANDERSON.

Const. art. 5, § 22, provides that justices shall not have jurisdiction of cases where the amount involved exceeds $100, and Justices' Code, art. 1, § 2, subd. 5, gives a justice civil jurisdiction of an action to recover possession of personal property, the value of which does not exceed $100.  **Held,** that where, in replevin before a

justice, plaintiff alleged the value of the property to be $80, and defendant alleged the value to be $100, the pleadings were conclusive on the parties and on the court as to the value of the property, and hence the justice had jurisdiction so as to confer jurisdiction on the circuit court by appeal, though the jury there found the value of the property to exceed $100.

Where a court has no jurisdiction of the subject-matter of the action, jurisdiction cannot be conferred by any act of the parties, nor by their joint stipulation.

In replevin before a justice of the peace, the complaint must allege the value of the property so that the record shall affirmatively show that the justice had jurisdiction.

Where, in replevin before a justice of the peace, both parties fixed the value of the property at an amount within the justice's jurisdiction and the justice so found, a jury on appeal to the circuit court could not properly find the value of the property at an amount in excess of the highest amount so alleged.

Since, in replevin before a justice, the value of the property must be determined as of the date the suit was instituted, the justice having found the value at an amount within his jurisdiction, the fact that a jury on appeal to the circuit court found the value at a sum beyond the justice's jurisdiction did not show that the justice had no jurisdiction, or that the value so found was the value at the time the suit was begun.

Where plaintiff and defendant in replevin before a justice of the peace both alleged the value of the property at an amount within the justice's jurisdiction, and plaintiff appealed to the circuit court from an adverse judgment of the justice without objection that the justice had no jurisdiction because the value of the property was excessive, until a verdict was rendered in the circuit court for defendant, finding the value at a sum exceeding the justice's jurisdiction, plaintiff was then estopped to claim that the justice never had jurisdiction of the cause, and that the circuit court therefore had no jurisdiction except to dismiss the case.

Jurisdiction is the power to hear and determine. The nature of the functions to be exercised controls, whether they are brought into activity by primary process or by the removal from an inferior tribunal: thus, on a trial de novo, the power of an appellate court in dealing with the pleadings and the evidence, the application of the law, and the rendition of judgment are independent of the action of the trial court, but are in no manner different from what it would be had the case been begun there originally.

(Opinion filed, Dec. 15, 1909.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action to recover possession of personal property by the

People's Security Bank of Worthing against Luman Sanderson.
From a justice's judgment in favor of defendant, affirmed on
appeal to the circuit court, plaintiff appeals.      Affirmed.

   *C. B. Kennedy,* for appellant.

   Justice Code, Sec. 1, Art. 1, Sub. Div. 5.      To an action
to recover the possession of personal property when the value
of such property does exceed the value of one hundred dollars:
The value of the property is the test.      The Constitution draws
the line of the limit of the jurisdiction and prohibits the juris-
diction   beyond or in excess of one hundred dollars and the
statute confers jurisdiction to the one hundred dollar limit.
Shealer v. Superior Court, 11 Pac. 653; Ballerine v. Biglow, 27
Pac. 372; Butler v. Irvie, 30 Mo. 478; Norville v. Rue, 94 N. C.
43.      No consent or waiver can give jurisdiction of the subject
matter.      Cramer v. Thompson, 9 S. D. 149; Brule v. King, 11
S. D. 483.

   *A. B. Carlson,* for respondent.

   The plaintiff, having appealed on questions of law and act,
and without in any manner objecting to the jurisdiction of either
court; both parties having appeared generally and having
pleaded and tried their cause in circuit court, neither party can
thereafter challenge the jurisdiction of either court.      Parker v.
Bradford, 71 N. W. 619; Henderson v. Desborough, 28 Mich.
170; Hazard et al. v. Wason, 25 N. E. 465; Ramsby v. Bigler,
89 N. W. 344. Mich.; Randolph Co. v. Rolls, 18 Ill. 29; Mont-
gomery v. Heilman, 96 Pa. St. 44; Danforth v. Thompson, 34
Ia. 243.      The plaintiff having obtained the possession of the
property in dispute by invoking the jurisdiction of the justice
court, he cannot challenge the right of that court to act in the
premises.      This regardless of whether the court had jurisdiction
or not.      16 Cyc. 796; Secord v. Quigley, 39 Pac. 623.

   WHITING, J.      This is an appeal by the plaintiff from a
judgment of the circuit court entered in favor of the defendant.
The action was instituted by the plaintiff in the justice's court to
recover possession of certain personal property valued in the
summons and complaint at $80.      The property was taken into
possession of the sheriff; and no rebonding undertaking being

given, and no exception taken to the sureties, the same was delivered to the plaintiff. The defendant answered, denying generally the allegations of the complaint; pleading that he was the owner of the property and entitled to its possession, that its value was $100, that the property had been delivered to the plaintiff by the sheriff; and praying for a judgment for its return, or, in case a return could not be had, for its value. The case was tried by the justice, who decided the same in favor of the defendant, and found the value of the property to be $80. Thereupon the plaintiff appealed to the circuit court from the judgment of the justice's court upon both questions of law and fact, and, a trial being had in the latter court, the jury found a verdict in favor of the defendant, and found the value of the property to be $125. On the coming in of the verdict, the defendant, before the jury was discharged, remitted the sum of $25. Thereupon the plaintiff made to the court the following objection to its jurisdiction and motion: "Now comes the plaintiff after verdict of the jury, and objects to this court proceeding further with this case or entering any judgment on the verdict, and asks that the case be dismissed for the reason that this was an action brought in justice court, and the jury finds the property in question of a value exceeding $100, which is greater than the jurisdiction of a justice of the peace, and this court is without jurisdiction to do anything in this case but to dismiss it." This objection and motion was overruled, to which ruling of the court the plaintiff excepted. Thereupon the court entered judgment in favor of the defendant, which contains among other things the following recital, and material part of the judgment: "And the jury having found and returned a verdict for the defendant and adjudging and finding that he was the owner of the property in dispute, and fixing the value thereof at $125, and the defendant having in open court, and before the discharge of the jury, remitted the sum of $25 of said verdict, and having subsequently filed in writing herein said remittance, said verdict and finding being in favor of the defendant, it is by the court considered, ordered, and adjudged that defendant * * * have and recover * * * the property described in the com-

plaint, * * * and, in case a delivery cannot be had the sum of $100," with his costs and disbursements.

It is contended by the plaintiff that, as it is provided by section 22 of article 5 of our Constitution that "justices of the peace shall have such jurisdiction as may be conferred by law, but they shall not have jurisdiction of any case wherein the value of the property or the amount in controversy exceeds the sum of one hundred dollars," and the jury having found the property to be of the value of $125, neither court had jurisdiction of the case, for the reason that the circuit court only had such jurisdiction on the appeal to that court as the justice's court had, and that, therefore, the circuit court should have granted the motion of plaintiff and dismissed the action. We are of the opinion that the plaintiff is wrong in its contention, and that the circuit court did not err in denying plaintiff's motion and in entering the judgment in favor of the defendant. This appeal and the questions raised therein are of the utmost importance, not on account of the amount involved in this action, but because the questions raised pertain to the method of giving jurisdiction to courts, and are fundamental in their nature. Subdivision 5 of section 2 of article 1 of the Justices' Code of this state provides that civil jurisdiction of justice courts shall extend "to an action to recover the possession of the personal property when the value of such property does not exceed $100." It is the contention of the appellant that under this section it is the actual value of the property which fixes the jurisdiction, and not the values as alleged by the parties, no matter how honest the parties may be in fixing such values.

We are of the opinion that the judgment should be sustained, first, because the justice had jurisdiction; second, because, regardless of whether or not the justice had jurisdiction, the appellant, by appealing to the circuit court and demanding a new trial therein and going to trial without objection, gave such circuit court jurisdiction therein so far as appellant was concerned. We admit that there are authorities which seemingly support the proposition maintained by appellant, but an examination of many of the authorities cited by appellant will show

that they would be of no authorative force under the facts in this case. When it is recalled that the action of claim and delivery, as found in the different states, is a statutory proceeding, it is not strange that there is such a lack of harmony in the courts. We fully concede that, where the court has no jurisdiction of the subject-matter of the action, jurisdiction cannot be given to such court by any act of the parties, even by joint stipulation, and that in replevin jurisdiction cannot be given to a justice where the value of the property exceeds $100; but we hold that, for the purposes of the trial, the pleadings of the respective parties are conclusive upon the court as to the value of the property. While, in an action in a circuit court, it is unnecessary for the complaint to allege the value of the property, such court being one of general jurisdiction, yet we think it must be conceded that in a justice court a different rule must hold, as the jurisdiction must affirmatively appear, and in a justice court, if the summons and complaint are silent as to the value, or the value is alleged to be greater than $100, the court would be absolutely without jurisdiction. Therefore the allegation of value in the complaint is a material allegation, which would be admitted by defendant if not questioned; and, when the defendant fixes a different value, the allegation in the answer becomes material and binding upon the defendant. We think it must be conceded, also, that, if a case was being tried to a jury, and the parties had fixed the value of the property by allegations in the pleadings, it would be the duty of the court, if requested, to instruct the jury that under the law, in determining the value, they could not fix it at any sum greater than that pleaded by the party in whose favor they found; or, in other words, in the case at bar, the jury legally had no right, without an amendment to the pleading, to bring in the verdict which they did, no matter if it was truthful in fact. Suppose in the case at bar, on the trial in the circuit court, the court had been asked to give the jury an instruction in accordance with what we have stated and had refused, and then the verdict had been rendered fixing the value at $125, and an appeal had been taken to this court; certainly this court would be compelled to hold that it was error on the

part of the court to so instruct, and would have to send the case back to the circuit court for a new trial, and yet to do this with full knowledge that a jury had found the value in excess of the jurisdiction of the justice court, and, if appellant is right, there would be this anomalous situation—a court of appeal, without jurisdiction in fact, sending the case back to another court, which had no jurisdiction in fact, to try the same and compel a jury to bring in a verdict which verdict would be within the jurisdictional limits of the original court. We therefore contend that the only logical and consistent position to take is that the values as fixed in the pleadings are conclusive on the question of jurisdiction, and are for the purposes of suit the limit of true value. Let us suppose a case in which, as is presumed in the case at bar, both plaintiff and defendant had alleged what they believed honestly to be the true value, it seems to us without reason or logic to say that, under such circumstances, any jury can fix another value, thus destroying the jurisdiction of the court.

In the state of Nebraska their statute, like our, restricts the jurisdiction of the justice in replevin cases to property of certain value; in that state $200. In South Dakota, as we have heretofore stated, in a justice court the value of the property must be pleaded, and, in case delivery is claimed, the value must be set forth in an affidavit; but in Nebraska the procedure is different, and no allegation of value is necessary, but the officer receiving the papers must in all cases take the property into possession and appraise the same, which appraisal is for the purpose of fixing the amount of the bond, and, if bond is given, plaintiff takes the property, otherwise it is returned to the defendant. Under the Nebraska statute, as it was at the time of the decision hereinafter referred to, the appraisement fixed the jurisdiction of the court the same as the allegation in complaint prima facie fixes it in this state. Under the Nebraska statute there is only the one valuation, not the two valuations of plaintiff and defendant, as there is in this state. In the case of Hill v. Wilkinson, 25 Neb. 103, 41 N. W. 134, decided when the law was as above stated,

upon trial in justice court, the justice found the actual valuation to be $300 and pdaintiff's interest therein $260. Plaintiff asked, and was allowed to remit, $60, and took judgment in replevin in the sum of $200. Defendant appealed to the district court, which court affirmed the justice, and the cause was appealed to the Supreme Court; appellant contending that the district court had no jurisdiction to render judgment for any amount, owing to the want of jurisdiction of the justice of the peace where the valuation of the property was proven and found to exceed $200. We think it must be conceded that for the purposes of jurisdiction the appraisement in Nebraska stands squarely on the same basis as the allegation in the pleadings in South Dakota. The Nebraska court say: "In a certain sense it is the appraisement of the property in a sum not in excess of $200 that gives the justice jurisdiction to try the case." In Leonard v. Hannon, 105 Mass. 113, the court held that an agreement as to the value of property fixes the value for all the purposes of the case.

Another point should not be overlooked; and that is that there is nothing in the record to show that the value of the property, as found in the circuit court, was the value at the time of the commencement of action in the justice court. Every presumption must be given in support of the judgment appealed from; and there being no separate finding as to the time when the value was fixed, or anything else in record to show it, it is fair to presume that the value was fixed as of the time of trial in the circuit court. It will be noticed that there are two items of property, one a young colt, and, for all that appears in the record, considerable time could have elapsed between the justice court and district court trials, during which time the valuation of such colt may have materially increased, and thus fully explain the difference in valuation in the two courts; and in any case it must be conceded that the value, which controls, is the one at the time the case was started in the justice court. The case of Scott et al. v. Russell et al., 39 Mo. 407, is a case directly in point; the action being instituted in the justice court, from which it was appealed to the circuit court. Upon the trial in the circuit court the evidence went to show that the property in

question was worth $75 or $80, and the limit of jurisdiction of justice was $50. Defendants moved to dismiss the cause, because it appeared that the justice of the peace had no jurisdiction. This motion was overruled and exception taken. After stating that the limit of the justice's jurisdiction was $50, and that the justice should dismiss the suit where the value is proven to be greater than that, the court further said: "But there is no evidence in this case to show what the value of the mare was when the proceeding was instituted before the justice. The examination does not seem to confine the value to any specific time or period. It is only essential that the amount or value should not exceed the jurisdiction of the justice at the time the suit is pending before him. If the value of the mare at the time the suit was brought did not exceed $50, but afterwards property of that description appreciated in value, a reasonable construction of the statute in our opinion would not require the suit to be dismissed on account of the enhancement of value which took place during the delay on the trial in the circuit court." In the case of Deck v. Smith, found in 12 Neb. 389, 11 N. W. 852, the property replevied was yearling heifers and some hogs. It appears that the alleged value before the justice was $100; that upon appeal to the district court the complaint was amended and alleged the value to be $130, and the jury in the district court found the value to be $138.75. Objection to the judgment in the district court was made on the ground that such district court acquired no jurisdiction of the subject matter of the suit by appeal. The court held that on an appeal, where there was demanded a trial de novo, the district court had a right and should allow an amendment to the complaint setting forth the increased value; the court saying: "It is not true that the natural increase in the value of the property, to whatever extent it went, might not have been both claimed and recovered, where a return, when ordered, could not be had. To hold otherwise might result in the most flagrant injustice. Take, for example, this very case, where the property in controversy, or the most of it, is shown to have been young stock, which from its natural growth alone was probably increasing quite rapidly

in value. It is not at all likely that the value in November, 1878, when the case was tried before the justice, was the true measure of the value in March, 1880, when the trial came off in the district court." These words are peculiarly applicable to the case at bar, and we think it would, in line therewith, have been proper for the court to have allowed an amendment to the answer, setting forth the value of the property, and have sustained the verdict in full sum of $125, and that a finding in the sum of $125 is in no manner inconsistent with the judgment of the justice court, and in no manner indicates that the justice court did not have jurisdiction of the cause. The case of Bates v. Stanley, 51 Neb. 252, 70 N. W. 972, was a replevin case where there was an appeal from the county court to the district court, and where there was a similar question of jurisdiction as that found in the case at bar; the value of the property being found in the district court to exceed the jurisdictional limit of the county court. This is a very instructive case, owing to the different propositions discussed, but we call special attention to the following, which seems to us to be directly applicable to the case at bar: "This action is not for the recovery of money beyond the jurisdiction of the county court, but one in rem; and, that court having jurisdiction of the subject-matter, the appeal authorized the district court to try the case de novo as if it had been originally instituted in such court. The statute required the rendition of an alternative judgment for the return of the property or its value in case a return could not be had, although such value exceeded the sum for which the county court could have entered judgment. A judgment for the full value was indispensable in this case, in order to do complete justice between the parties. The defendant did not voluntarily come into court, but was an unwilling suitor. The plaintiff selected the forum, and, not being satisfied with the judgment, appealed to a court of general jurisdiction. It ought not now to be permitted to urge that the latter court had no authority to render a judgment for more than $1,000 on the ground that the county court had not jurisdiction to render so large a one. The county judge unquestionably had the power to hear and determine the

cause when it was and as it was before him, and, the appeal prosecuted by plaintiff having conferred jurisdiction of the subject-matter upon the district court, it retained it for the determination of all questions properly presented for adjudication."

The discussion in this last case suggests another feature of the case at bar. That is the fact that the parties hereto have voluntarily gone into both the justice court and the circuit court, and we think by so doing have given the circuit court jurisdiction, even if the justice had not had jurisdiction. It will be admitted, of course, that the subject-matter of this action was within the jurisdiction of the circuit court, so that all that was necessary to give such court complete jurisdiction was that it get jurisdiction of the parties. Our statute gives the right, on appeal from justice proceedings, to two separate remedies. One is a review of the proceedings in the justice court. The other is a new trial in no manner reviewing the action of the justice court. In the case of In re Burnette, 73 Kan. 609, 85 Pac. 575, the court says: "The jurisdiction to consider and decide causes de novo is in its essence original. . The manner in which a case reaches the higher court is not the test. Jurisdiction being the power to hear and determine, the nature of the functions to be exercised controls, whether they are brought into activity by primary process or by removal from an inferior tribunal. Upon a trial de novo the power of an appellate court in dealing with the pleadings and the evidence in the application of the law and in the rendition of judgment according to the right of the case, all independent of the action of the lower court, is no different from what it would be if the case were begun there originally, and hence is not 'appellate,' within the meaning of laws creating jurisdiction." In the case of Randolph County v. Ralls, 18 Ill. 29, we find the facts to be that Ralls had presented to a tribunal, which had no jurisdiction, a claim against the county. This tribunal refused to allow the claim, and from the order refusing this allowance Ralls appealed to the circuit court, wherein the parties appeared, and by common consent tried the cause. The court says: "If the county court had not

jurisdiction to adjudicate upon the claim of Ralls and render a judgment conclusive upon the rights of the parties so long as it remained in force, it is clear the circuit court could have no jurisdiction by virtue of the appeal." Further "It is also a rule of law that a court having no jurisdiction of the subject-matter of the suit cannot take cognizance by consent of the parties." The court then goes on to state that the circuit court had original jurisdiction of the subject-matter of the action at bar, and held that the parties by voluntarily appearing and consenting to a trial between them upon the subject-matter waived all objection to the jurisdiction of the parties; and the court further says: "The suit stood, so far as the jurisdiction of the court is concerned, the same as if it had been originally commenced in the circuit court in the ordinary way, and the parties brought in by the service of process; or as if they had voluntarily entered their appearance without any previous proceedings, and without objection gone to trial. In the case of Allen v. Belcher, 3 Gillman (Ill.) 594, the suit was commenced before a probate justice of the peace, and appealed to the circuit court, where the parties appeared, and the cause was by consent tried; and upon error this court held that it was immaterial whether the probate justice had jurisdiction of the subject-matter of the suit, for, the circuit court having original jurisdiction of the subject-matter and the parties having consented to its jurisdiction of their persons, the circuit court might adjudicate upon the subject-matter as an original cause. The rule is that jurisdiction of the subject-matter cannot be conferred upon a court by consent of the parties, nor can want of it be waived; but, where the law confers upon the court original jurisdiction of the subject-matter, full appearance, without objection, confers upon the court jurisdiction of the person, and it may then adjudicate. It would be trifling with courts and the rights of parties to permit suitors, after voluntarily appearing and going to trial, to avail themselves of objection to the preliminary proceedings by which the cause or the parties were in court. These are dilatory matters which they may waive, and they are deemed to have waived them by full appearance without objection."

In the case of Montgomery v. Heilman, 96 Pa. 44, an action was brought in justice court, such court having no jurisdiction of the subject-matter. Defendant appealed to the circuit court, and the case was tried de novo in such court. In speaking of the jurisdiction of the circuit court, owing to the lack of the jurisdiction in the justice court, the court says: "The record did show a waiver of that question and an agreement to try the case on its merits. A view of the whole record created no presumption, and gave no notice that any objection would be taken to the jurisdiction. As the case then stood with jurisdiction agreed to, the action was subject to the same rule which applies to appeals from the judgment of a justice entered on a claim for money due. The attempt now is not to show want of jurisdiction in a pending action, nor that an affidavit of defense was not necessary, if under the showing of the record the court could entertain jurisdiction. Suppose, when judgment was moved for, the plaintiff in error or his counsel had risen in court, and said 'I interpose no objection by reason of want of jurisdiction. I expressly agreed to waive that, and that the case should be tried before the justice on its merits and it was so tried. I still adhere to that agreement, and desire the court to pass upon the case as if there was undobted jurisdiction, and the court had thereon ordered judgment—the case would have been no stronger than it is now. It would have been an oral assertion of what his declaration of record was asserting to the eye of the court. Let us follow it a step further. Suppose he had suffered execution to issue on the judgment, and his property to be sold, could he then be permitted to question the validity of the judgment for want of jurisdiction in the justice? Could he maintain suit against the officer or purchaser resting on alleged want of jurisdiction? We think he would be estopped from so doing." We would call particular attention to the case of Thayer v. Gibbs, 140 Mich. 66, 103 N. W. 528, as this case cites very fully from other authorities wherein the propositions above contended for are discussed, and we will only quote the following: "However, we think that under the circumstances of the case the defendant waived his

right to object to the question of jurisdiction by his action in the case. After trying the matter out upon the merits in justice court, he appealed the case by general appeal to the circuit court for the county, which was a court having jurisdiction of the subject-matter, and also of the parties by their voluntary appearance, and where, as held by this court, it was competent for him to waive the jurisdictional question. By his participation in the selection of the jury, and permitting the witness to be called upon the stand and interrogated before raising any question, we think he must be held to have waived his right to object. The interests of justice require that a party who desires to raise such a question as that in this case should make it at the first reasonable opportunity." See, also, Lyon v. Washburn, 3 Colo. 201; Bisher v. Richards, 9 Ohio St. 495; Kurtze v. McCord, 1 Colo. 164; Ramsby v. Bigler, 129 Mich. 570, 89 N. W. 344.

It is contended that the action should be dismissed, and that the property be left in possession of the plaintiff. In case of dismissal this would result, as a court, having no jurisdiction whatever of the subject-matter, could not issue a valid writ of restitution. It is true that the court in North Carolina in Perry v. Tupper, 70 N. C. 538, makes reference to such an order of restitution, and it may be that state has some statute authorizing the same, but certainly the great weight of authority is against any such power on the part of a court which has no jurisdiction of the subject-matter. Widber v. Benjamin, 75 Vt. 152, 53 Atl. 1071; Sena v. U. S. 147 Fed. 485, 78 C. C. A. 27; Jacobs v. Parker, 7 Baxt. (Tenn.) 434; Elder v. Greene, 34 S. C. 154, 13 S. E. 323.

Regardless of all that we have said, a brief consideration of the effects that might follow the rule contended for by appellant herein can but lead one to a feeling that such a rule should be adopted only when it appears without any question that the law will support no other rule. Under this rule, it throws the door open for a party to take out replevin papers in the justice court, and use the court as an instrument of fraud, obtaining possession of property of considerable value,

and then, by admitting its true value, get the action dismissed, and leave to the defendant nothing but a right of action to recover the value of the property. Again suppose in the case at bar the jury in the circuit court had found the value not to exceed $100, but the case had been appealed to this court upon other grounds, and a new trial ordered, and some time in the future history of this case, no matter how many trials there may have been, some jury found that as a matter of fact the property exceeded $100 in value, then immediately, without there having been any question of jurisdiction raised in the first trial in the circuit court, or upon appeal, or at any other time until the time of such verdict, if appellant is correct, the action must be dismissed, leaving plaintiff in possession of the property, and, under the great weight of authority, with no right on the part of the defendant to a writ of restitution. Other illustrations, showing the great injustice that might flow from such holding, can readily be given. On the other hand, it cannot be disputed but what absolute justice results from our holding herein.

The judgment of the trial court, and the order denying a new trial are affirmed.

CORSON, J., Dissenting.