(Ashtabula County Court of Common Pleas.)

IDA J. APPLEBY v. M. S. FROST et al.

---

*Conveyance procured by false representations.*—A conveyance of land at a price greatly below its value, procured by representations made to the owner by her confidential adviser and attorney, and which are false, will be cancelled at the suit of such vendor.

*Procuring conveyance by inducing confidential adviser of owner to make false representations.*—Where C. is the attorney of R., and has acquired the confidence of A. as her confidential and trusted adviser, which is then well known to R., and R., for the purpose of procuring a conveyance from A. to him of a valuable tract of land owned by A. for an inadequate price, takes advantage of and uses said confidence and trust reposed in C. by A. to obtain such conveyance, and thereby induced C., while acting as such trusted adviser of A. to make false representation to A., which A. and C. both believe to be true, but that R. then knew were false, and thereby procured A. to make him said conveyance for a grossly inadequate consideration. Held: That though some of the elements of "fraud in fact may be wanting," yet the transaction is constructively fraudulent, and the conveyance is void in law.

*Fiduciary relations—Equity.*—Where a fiduciary relation exists, and a special trust and confidence is obtained thereby, which is violated, equity will not stand upon mere form, but will look through the form to the substance to do justice between the parties.

(Decided Jan'y 28, 1895.)

---

HOWLAND, J.

The plaintiff brings this action to obtain an order cancelling a conveyance made by her to defendant, M. S. Frost, on the ground of fraud. Avers in her petition she was the owner of the tract of land described in the petition, and of forty acres near it, situate near the harbor at Conneaut, Ohio; that the construction of a railroad to said harbor had been talked of, but she did not know it had been decided to build it; that the defendants confederated to cheat and defraud her; that to induce her to convey said tract and thereby defraud her, by their agent and attorney, the defendant represented that said tract was needed and would be re-

quired by the railroad for its depot and offices; that it was the key to the situation; that unless she would convey it to the railroad, the railroad would not be built; that if built, it would largely enhance the value of her remaining forty acre tract, and the public generally would be benefited thereby; that she was induced thereby to and did convey said tract to said Frost for that purpose, for one thousand dollars; that said representations were false and known by the defendants to be so when made; but their falsity was unknown to the plaintiff, and to the defendant's agent when he made them.

It is also averred that the agent of the defendant, who made said representations, was then, and for many years had been the trusted and confidential adviser and attorney of the plaintiff, and that she relied upon him, as such, in making said sale.

In their answer the defendants admit that Frost was the president of said railroad company; that Robinson was an agent of Frost's; admit the purchase of the land, for the price of one thousand dollars; but deny all the other allegations in the petition.

The plaintiff and her husband testified to the making of the representations as stated, and that said agent of defendants, was then the confidential adviser of the plaintiff, and she relied upon him as her adviser in making said sale.

It is alleged in the petition, that said agent of the defendant made said representations in good faith, under the instructions of the defendant Robinson, and that said agent was at the time the attorney for the road, and for the defendants Frost and Robinson, for private purposes, which is not contested.

It is claimed by the defendants, and urged upon the trial, that although those representations were made, and Robinson instructed said agent to make them, yet they were not fraudulent in law; that representations, to be fraudulent, must relate to some existing fact; that a promise, prophecy or an opinion of what is to take place in the future, is not a fraudulent representation.

The statement that this piece of land is the key to the situation, and is wanted for railroad purposes, is a representation of existing facts; but the statement that the railroad will not be built unless this particular piece of land is obtained, is in the nature of a prophecy or opinion.

The question upon which this case turns, arises upon the allegations in the petition, that the agent of the defendant, when he made said representations to the plaintiff, was then the confidential adviser and attorney of the plaintiff, and therefore the interest of these defendants, and the interest of the plaintiff, were all centered in him, as the attorney for both parties. In law it was his duty, as the attorney for Frost and Robinson, to make as good a bargain for them as he could honestly and fairly; but the defendants had no right to make false representations, to be conveyed from them through him to Mrs. Appleby, to induce her to part with her property. It was equally his duty, as attorney and confidential adviser of Mrs. Appleby, to state to her fully and fairly, everything affecting the value of that property which he then knew. He is not responsible personally therefor, for it is not claimed he knew the representations were false, but the men who used him and his confidential relations with the plaintiff, to procure this property below its value, stand in the same relation to her that this agent would if he had purchased this property for himself, while acting as her confidential adviser, and had taken advantage of that confidence reposed in him to defraud her.

There must be two parties to every contract. There were two parties here. The interests of both parties were centered in this attorney of the

defendant, and he was acting for the parties in a confidential relation to both. It was a very critical position. Too narrow to stand upon, and hold that independent attitude toward each party which the rules of equity require. He is liable to lean to one side or the other to such an extent that his acts will not stand the close scrutiny of the rules of equity. Where the acts of a person placed in such a situation are tested in a court of equity, the relation itself is sufficient to cause the transaction to be closely scrutinized, and if any unfairness, scheming, deceit or over-reaching is detected, which was injurious to either party, the whole transaction will be declared void in equity, although the transaction would not be fraudulent in law.

It is proven that the defendants did not purchase this land for the railroad; that it was not needed or required by the railroad; but the same was purchased for private speculation, at and for the price of one thousand dollars; that it was then worth ten thousand dollars. It is urged that although the purchase was obtained by fraud, yet the fraud was immaterial, for the railroad was built, and the plaintiff obtained all the benefit to her forty acre tract contemplated by the sale. If that is conceded, it must also be conceded that if the sale had not been made, the tract of land so sold, which is worth ten thousand dollars, would still belong to her, for which she has received but one thousand dollars, and she was thereby induced by said representations to part with nine thousand dollars' worth of property for nothing.

We hold therefore that said representations were material, and were constructively fraudulent in law. 3 Ohio St. 528, Wilson et al. v. Jennings. 41 Mich. 227; Story on Equity, 307.

Constructive frauds arise from some peculiar confidential relations between parties. In this class of cases there is often to be found some intermixture of deceit, over-reaching, unconscionable advantage, or other mark of direct and positive fraud. It is designed in some degree as a protection to parties against the effect of overweening confidence, self-delusion, or the infirmities of hasty and precipitate judgment. Courts of equity will interfere in such cases, where but for such peculiar relations they would abstain wholly from granting relief. In cases like this it is not necessary that the representations should come up to what the law requires to be fraudulent in fact.

If a fiduciary relation exists, and a special trust and confidence is obtained thereby, which is violated, equity will not stand upon mere form, but will look through them, to the substance, to do justice between the parties.

In Sec. 303, and note 1, Story's Equity, we find the same principle applied to the confidential relation arising between attorney and client. Also secs. 305, 312; Pomeroy's Equity, sec. 957; Weeks on Attorney and Client, 540 and 451; 1st A. & E. Ency. 959 & 960.

This case was submitted upon the plaintiff's evidence, and we find that said agent of the defendant, who made said representations, was then the attorney and trusted adviser of the plaintiff; that the defendants Robinson and Frost procured said conveyance, by employing said attorney and confidential adviser of the plaintiff as their attorney, and thereby used that special confidence the plaintiff reposed in him in gaining her confidence, by making said representations through him to the plaintiff, which said agent and the plaintiff believed were true, but the defendants then knew were false, to induce her to make said conveyance. That by reason of that special confidence he had acquired over her, as her attorney, she was induced to and did make said conveyance, and thereby conveyed the property to them, which was then worth ten thousand dollars,

for one thousand dollars, and we hold that said conveyance was procured by constructive fraud, and was fraudulent in law, and void.

It is therefore ordered and decreed that said conveyance be cancelled, except as to the lots conveyed to Linn, who we find is an innocent purchaser, and the defendant Robinson is ordered to convey said tract, except the lots sold to Linn, to the plaintiff, and in default of said conveyance, that the decree operate as such conveyance.

A decree may be drawn accordingly.

Theodore Hall and T. E. Hoyt, attorneys for plaintiff.

Allen M. Cox, S. A. Northway, Estep, Dickey, Carr & Goff, and E H. Fitch, attorneys for defendants.